## PULLMAN PALACE CAR CO. *v.* BARKER.

1. While the law exacts from the carrier of passengers the utmost care and skill, it refuses to take into consideration damages remotely resulting from a breach of their contract or neglect of their duty. The maxim is *causa proxima, non remota spectatur.*

2. Where the plaintiff, a woman, was a passenger on a sleeping-car of the defendant, which, through the negligence of the defendant, caught fire, and the plaintiff, on account of the smoke and flames, was compelled, in a half-clad condition, to leave the car, and caught cold which resulted in the suppression of her menses and subsequent illness, it appearing from the evidence that such illness was of the character that results from arrested menstruation: *Held,* that the plaintiff being "unwell" at the time, there was in her then physical condition an intermediate and independent cause of the subsequent illness, which was the remote and not the proximate result of the defendants' negligence.

3. Persons who are ill have a right to enter and travel in the cars of a railroad company, and as a common carrier of passengers the company has no right to prevent them, but the increased risk arising from conditions of health affecting their fitness to travel, certainly where such conditions are unknown to the carrier, must be assumed by the passenger.

*Appeal from District Court of Arapahoe County.*

THE appellee, the plaintiff below, had judgment, on the verdict of a jury, in the sum of $1,480.00. The facts are sufficiently stated in the opinion.

Messrs. BUTLER & WRIGHT, for appellant.

Messrs. SYMES & DECKER, for appellee.

ELBERT, J. This was an action on the case brought by Diana Barker against the appellant, for injuries sustained by reason of alleged negligence.

The controversy, as presented by the record, respects the *extent*, not the fact of the appellant's liability. While the law, out of regard for human life and safety, exacts from the carriers of passengers the utmost care and skill, it refuses to take into consideration damage remotely resulting from a breach of their contract or neglect of their duty. The maxim is *causa proxima, non remota spectatur*.

In cases of contract as well as of tort, where no question arises of fraud, malice or oppression, the loss or injury for which compensation is sought must be the natural and proximate consequence of the alleged breach or wrongful act. Sedgwick's Measure of Dam. 57 *et seq.*; Shearman and Redfield on Neg., § 595 *et seq.*

What is the proximate cause of an injury in a legal sense is often an embarrassing question, involved in metaphysical distinctions and subtleties difficult of satisfactory application in the varied and practical affairs of life.

The proximateness required is not the greatest possible; the negligence to which the responsibility attaches may sometimes concur with or precede other agencies in producing an injury. A result may be physically, secondary and consequential, and yet in legal contemplation be proximate. As a consequence the rule is vague and of difficult application. As said by BRAMWELL, B., "it is sometimes like having to draw a line between night and day; there is a duration of twilight when it is neither night nor day." Each case of this description must be decided with reference to the circumstances peculiar to it.

The question as presented in the case at bar is not without difficulty.

The sleeping car of the appellant caught fire in the night and was burning, through the negligence of its employees; the appellee, with her husband, occupied a berth which the flames had already reached, when she was awakened. The suddenness of the alarm and the imminency of the danger from the smoke and approaching flames, left no time for the appellee to properly clothe herself; she left the burning car

with but slight clothing, and in her stocking feet; in pass-ing to the next car she was compelled to stand for a minute or two on the platform of the car; it was an extremely cold night in January, and by reason of this exposure she caught a severe cold which caused the cessation of her menses, and resulted in a long period of illness.

Was this illness, in legal contemplation, the proximate result of the negligence of the appellant, for which the appellee may rightfully demand compensation ?

In the case of *Milwaukee, etc., Railway Co.* v. *Kellogg,* 4 Otto, 475, Mr. Justice STRONG says : " The question always is, was there an unbroken connection between the wrongful act and the injury—a continuous operation ? Did the fact constitute a continuous succession of events so linked to-gether as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury ? It is admitted that the rule is difficult of ap-plication. But it is generally held, that in order to war-rant a finding that negligence or an act not amounting to a wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. * * * * We do not say that even the natural and probable consequences of a wrongful act or omission are in all cases to be chargeable to the misfeasance or nonfeasance. They are not, when there is a sufficient and independent cause operating between the wrong and the injury. In such a case the resort of a sufferer must be to the originator of the intermediate cause * * * The inquiry must therefore always be whether there was any intermediate cause disconnected with the primary fact and self operating, which produced the injury."

The long illness of the appellee, as shown by the evi-dence, was of such character as results from arrested men-struation. Independent of the fact that she was "unwell" at the time, it cannot be said that the negligence of the

appellant resulted in her long illness or any illness. Conceding that the appellee was compelled on account of the smoke and flames to leave the car in the half-clad condition she did, the exposure to the cold was the direct and necessary result of the appellant's negligence. Her subsequent illness, however, was not the result of the exposure, but the result of the exposure *in her then condition.* Here, then, intervenes an independent cause of her illness, a cause resting in her physical condition, appertaining exclusively to herself, with which the appellant had no concern, and to which it sustained no relations either by contract or by the general duty imposed by law upon carriers of passengers. Where physical weakness or disability is apparent to, or is brought to the attention of the carrier, undoubtedly that high degree of care which the law imposes upon him, would, under certain circumstances, involve duties in reference thereto. As that he shall allow an aged, infirm, or crippled person, a reasonable time in which to get on or off the coach or car, having reference to their crippled or infirm condition. *Colt* v. *Sixth Ave. R. R. Co.,* 33 Sup. Court (N. Y.), 190.

While this is the case it cannot be said that the law imposes any duty respecting the possible secret complaints and diseases of passengers affecting their fitness to travel. Where no duty is imposed, no liability can attach. Another passenger might have suffered equally serious consequences from the effect of the cold upon a wound in the foot, superinducing inflammation, and possibly necessitating amputation. Can it be said that the law imposed upon the carrier an enlarged duty having reference to the wound, and that the added risk of traveling in this condition must be assumed by him and not by the passenger from whose personal condition it springs? We think not. While it is true that menstruation is a law of health, it is also true that it is a condition requiring greater care and prudence to avoid exposure.

" The cars of a railroad company are not hospitals, nor

their employees nurses." Persons who are ill have a right to enter the cars of a railroad company and travel therein ; as a common carrier of passengers the company has no right to prevent them, but the increased risk arising from conditions affecting their fitness to journey, certainly where they are unknown to the carrier, must rest upon their own shoulders. *New Orleans, etc., R. Co.* v. *Stratham*, 42 Miss. 613 ; *Hobbs* v. *The London, etc., R. Co.*, 10 Law Rep. (Q. B.) 111.

The illness of the appellee, as shown by the evidence, was traceable to her physical condition at the time of the accident, and was not the subject-matter of damage. It was a remote, and not a natural or proximate result of the appellant's negligence.

The judgment of the court below is reversed, and the cause remanded for a new trial.

*Reversed.*