[No. 4223.]

The Denver & Rio Grande Railroad Company v. Young.

**1. Personal Injuries—Damages—Husband and Wife—Instructions.**

In an action by a married woman, living at the time with her husband, for damages for personal injuries alleged to have been caused by the negligence of defendant, she is not entitled to recover damages to compensate her for her inability to perform ordinary household duties as her services in this respect belong to her husband.

**2. Same.**

In an action by a married woman for damage for personal injuries where the evidence was to the effect that prior to her injury, in addition to her ordinary household work, she milked cows, made and delivered butter, and did other outside manual labor, and that since her injury she has been unable to perform any labor whatever, an instruction that she was entitled to recover such amount as would compensate her for her loss of time and incapacity to perform manual labor resulting from the injury, was erroneous because it authorized damages to be assessed for her inability to perform her household duties.

**3. Personal Injuries—Inability to Labor—Instructions—Evidence.**

In an action for damage for personal injuries an instruction which authorizes a recovery for loss of time and inability to perform labor resulting from the injury is erroneous where there is no evidence from which it can be determined what plaintiff's earnings were.

**4. Instructions—Exceptions—Appellate Practice.**

Where an instruction deals only with the subject of the measure of damages, an objection and exception to the particular instruction as a whole is sufficient to bring the instruction

before the appellate court for review and will reach any error therein without specifically pointing out the error.

**5. Appellate Practice—Assignment of Errors—Instructions.**

An assignment of error which recites in substance that the court erred in giving certain instructions designated by number because each of such instructions was either erroneous in law, or not supported by the issues and the evidence is a sufficient compliance with the rules to require a review of each instruction thus assigned.

*Appeal from the District Court of Arapahoe County.*

Action by appellee, as plaintiff, to recover from appellant, as defendant, damages resulting from injuries claimed to have been caused by the negligence of the appellant. From a judgment for plaintiff, the defendant brings the case here for review on appeal.

Messrs. Wolcott, Vaile & Waterman and Mr. W. W. Field, for appellant.

Mr. T. W. Lipscomb, Mr. George W. Taylor and Mr. John A. Deweese, for appellee.

Mr. Justice Gabbert delivered the opinion of the court.

Plaintiff is a married woman, residing with her husband at, and since, the time of sustaining her alleged injuries. On the subject of damages, the court advised the jury to the effect that if the verdict was in favor of plaintiff, she was entitled to such reasonable amount as would compensate her for her inability to perform manual labor resulting from her injuries, and in fixing the amount of her recovery, there should be taken into consideration her loss of time resulting from her incapacity to labor. The objection urged against this instruction is, that it permitted the jury to assess damages which she was not entitled to recover. The material testimony to con-

sider in connection with this instruction is to this effect: That prior to her injury the plaintiff, in addition to doing her ordinary household work, took care of and milked three cows, made and delivered butter, and did other outside manual labor; that since sustaining her injuries, she has been unable to perform any manual labor whatever.

Our statutes provide that a married woman may sue and be sued in all matters having relation to her property or person in the same manner as if she were a *femme sole;* that she may carry on any trade or business and perform any labor or services on her sole and separate account, and that the earnings from these sources shall be her individual property—secs. 3009, 3012, 3020, 2 Mills' Ann. Stats. While these provisions have relieved a married woman from many of the disabilities imposed under the common law, they have not abrogated all the common law relations of husband and wife. She is still required to perform the usual and ordinary household duties. For services of this character she is not entitled to any monetary compensation from her husband. Her services on this account belong to him, and hence, the instruction in so far as it authorized the jury to allow her damages which would compensate her for her inability to perform manual labor was too broad, because it authorized damages to be assessed for her inability to perform her household duties proper. *State v. Agan,* 37 Kan., 528; *Thomas v. Town of Brooklyn,* 58 Iowa, 438; *A., T. & S. F. Ry. Co. v. McGinnis,* 46 Kan., 109; 3 Sutherland on Damages (1 ed.), 723; 3 Sutherland on Damages (2 ed.), § 952; *Brooks v. Schwerin,* 54 N. Y., 343; *Minick v. City of Troy,* 19 Hun, 253; 2 Sedgwick on Damages (8 ed.), § 486.

The cases cited by counsel for plaintiff in support of their contention that this instruction is cor-

rect, are entirely different from the one at bar, and do not in any manner conflict with our ruling that a married woman cannot recover damages on account of her inability to perform her ordinary household duties. In *Hamilton v. Great Falls Street Ry. Co.*, 43 Pac., 713, it was held that in an action by a wife for personal injuries she may recover damages for any impairment of her capacity to earn money; but that is not this case; because her inability to perform household duties is not an item for which she can recover, because she is not entitled to compensation in money for such labor from her husband.

In *Jordan v. Middlesex Ry. Co.*, 138 Mass., 425, it appears that a married woman, previous to an injury, had been earning a certain sum per annum by taking in sewing, the proceeds of which she applied to the support of her family and husband. The court very properly held that she was entitled to recover for the diminution of her capacity to do this work, resulting from the injuries sustained, because her capacity to earn money in that way was her own; but that, it will be readily understood, from what we have already said, presents a case entirely different from the one at bar, in so far as it relates to the inability of plaintiff to perform her usual household duties.

Losses sustained by plaintiff resulting from her inability to perform manual labor in the prosecution of any business in which she might have been engaged on her own account, would constitute a proper element of damages, but the testimony wholly fails to make a case which justifies the jury in allowing any damages of that character.

It does not appear from the record that any of the labor which plaintiff performed in addition to the discharge of what might be termed her household duties proper, was in the prosecution of any business in which she was individually engaged; but conced-

ing that in doing this outside work, she was engaged in business on her own account, there is not a scintilla of evidence, so far as we are advised from the record, from which it can be determined what such earnings were, although the jury, under the instruction given, was authorized to compensate her on this account. A verdict cannot be based upon mere conjecture. There must be some testimony to support an item of damage which is susceptible of proof. For the errors in this instruction, the judgment must be reversed, and the cause remanded for a new trial.

We have not noticed other elements of damages specified in the instruction, because counsel will understand, from what has been said, that plaintiff's damages would be limited to those resulting to her individually, as contradistinguished from those which would result to her husband only.

Many other errors are assigned and argued by counsel for defendant, none of which, however, if sustained, would result in more than a reversal and new trial. Some of these, if passed upon, would necessitate an expression of opinion on the facts found by the jury. Such an expression might be prejudicial to one or the other of the parties at the re-trial. The others relate to alleged errors in instructions and rulings on testimony which, if well taken at this time, will not necessarily recur at a new trial, or may become immaterial. For these reasons we shall not pass upon the further errors assigned on behalf of the defendant.

We shall notice briefly two points made by counsel for plaintiff. It is claimed that no exceptions were reserved to the instructions. Defendant objected and excepted to the giving of the particular instruction we have considered. This character of exception, under repeated decisions, is sufficient, because the attention of the court is directed to the par-

ticular instruction which is claimed to be erroneous. It is entirely different from those passed upon in the cases cited by counsel for plaintiff, where it was held that a general exception to an entire charge, part of which was correct, was insufficient, because it failed to point out to the court the particular part of the charge which was claimed to be erroneous. The practice is established in this jurisdiction that it is not necessary in an exception itself to point out specifically the real ground of the objection to an instruction to which the exception is directed. That is the office of an argument to the trial judge in support of any objection which may be interposed. The instruction passed upon, considered as a whole, dealt solely with the question of the measure and elements of damages, and any error in this respect, in view of its phraseology, necessarily rendered the entire instruction erroneous.

It is also urged that the assignment of error based upon the instructions is not sufficiently specific. It recites, in substance, that the court erred in giving certain instructions designated by number (including the one considered), because each of such instructions was either erroneous in law, or not supported by the issues and the evidence.

This is a compliance with our rules. The particular instructions challenged and the grounds upon which they are claimed to be erroneous, are stated. It would neither be practicable nor desirable to specify in an assignment of error, in detail, the particular defects relied upon in support of the assignment.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*