[No. 4819.]

The Colorado Springs and Interurban Railway Company v. Nichols.

1.  **Practice in Civil Actions—Instructions Not Pertinent to Issues—Refusal.**

    Where, in an action for personal injuries by a married woman, no issue was raised by the pleadings or evidence as to her right to recover for loss of time from her household duties, it was proper to refuse an instruction that she could not recover therefor.—P. 276.

2.  **Husband and Wife—Personal Injury to Wife—Right to Recover.**

    A married woman may recover damages for the impairment of her ability to labor, independently of her husband's right to recover for the loss of her time.—P. 276.

3.  **Opinions—Former Opinion Modified.**

The opinion in Pullman Palace Car Co. v. Barklee, 4 Colo. 344, except in so far as it holds that a corporation is liable in damages for the proximate results of injuries occasioned by its negligence is modified by the later decisions of this court. —P. 279.

4.  **Damages—Personal Injury to Woman—Proximate Cause— Verdict Not Excessive.**

A woman who has suffered a miscarriage as the result of injuries sustained through the negligence of a street car company, may recover damages; and a verdict for her in the sum of $5,000 is not excessive.—P. 281.

*Appeal from the District Court of El Paso County. Hon. Louis W. Cunningham, Judge.*

An action for personal injury by Mary C. Nichols against The Colorado Springs & Interurban Railway Company. From a judgment for plaintiff, defendant appeals.                    *Affirmed.*

Mr. David P. Strickler, Messrs. McAllister & Gandy, and Messrs. Dines, Whitted & Dines, for appellant.

Mr. W. J. Chinn and Mr. R. P. Ady, for appellee.

Chief Justice Steele delivered the opinion of the court:

The appellee, while a passenger on one of the appellant's cars, was, as shown by the testimony, thrown from her seat to the floor, and sustained serious injuries, for which she claims damages. The record clearly discloses the negligence of the appellant, and the jury awarded damages in the sum of five thousand dollars. From a judgment in the foregoing amount the defendant appealed.

It is urged that the court erred in receiving testimony concerning plaintiff's ability to perform her usual household work, and in refusing to instruct

the jury that she could not recover damages on account of any impairment of her ability to perform such work, and in authorizing the jury to award her damages therefor.

The complaint does not allege any amount as damage sustained for the impairment of plaintiff's ability to perform household duties, nor was the jury instructed upon the subject. No claim was made by the plaintiff that she had been damaged in any specific amount because of the impairment of her ability to perform her household duties. The complaint alleges a permanent disability, caused by her injuries received through the negligence of the defendant, and, as showing her condition, the court permitted plaintiff to prove that before her injuries she had uniformly performed certain household duties. Counsel offered the following instruction, which was refused: "The jury are instructed that if you find the issues joined herein for the plaintiff, nevertheless, she is not entitled to recover any damages from the defendant by reason of any impairment, if any, of her ability to perform her usual and ordinary household duties by reason of the injuries complained of, if any."

The case D. & R. G. R. R. Co. v. Young, 30 Colo. 349, is relied upon as supporting counsels' contention that the court committed vital error in refusing to instruct the jury as requested. In the case mentioned, the jury was instructed that plaintiff was entitled to such reasonable amount as would compensate her for her inability to perform manual labor; and in fixing the amount of her recovery there should be taken into consideration her loss of time resulting from her incapacity to labor. The plaintiff in that case, as in this, was a married woman, living with her husband. The court held that, as she was required to perform the ordinary

household duties for her husband, and was entitled to no compensation from him for such services, the jury was not authorized to allow her damages which would compensate her for her inability to perform household duties, and in fixing the amount of her damages to take into consideration her loss of time resulting from her incapacity to labor. Here the plaintiff does not seek damages for her loss of time and inability to perform her household duties, nor from any other impairment of her ability to earn money; and the court expressly charged the jury that she was not to be awarded damages for her inability to earn money or for any loss sustained by such impairment. The court, in the case cited, does not hold that a married woman may not recover damages if she be permanently injured, and that her inability to labor may not be an element of such damage; but does hold that she may not recover for loss of time from her household duties, for such loss is an element of damage which the husband alone may recover.

It was entirely proper, we think, for the court to permit the witnesses to state that before the plaintiff was injured she performed certain work, including her household duties, and to state what work, if any, she could perform after her injury; not for the purpose of laying claim to damages for loss of time from her household duties, for which she cannot recover, but for the purpose of showing the extent of her injury.

That the plaintiff did not seek damages for her inability to perform her household duties as such, and made no claim therefor in the pleadings or in the evidence, is clearly shown by instruction No. 10, wherein the jury was instructed that: "In arriving at the amount of such damages you should take into consideration the nature and extent of the injuries,

if any, sustained by plaintiff, and the physical and mental pain and suffering, if any, she has suffered on account of such injuries. You should also consider whether the plaintiff's injuries are merely temporary or likely to continue for a future period, or to be permanent; and, if you find, from the evidence, that such injuries, or any of them, are likely to continue for a future period, or to be permanent, then you should also consider any future physical or mental pain or personal inconvenience she is likely to suffer on account of such injuries, as well as those you may find from the evidence she has already suffered.''

The question whether she could or could not recover compensation for the loss of time from her household duties not being an issue raised by the pleadings or evidence, it was not error to decline to instruct the jury as requested. Moreover, the instruction offered does not correctly state the law. A married woman is entitled to recover damages for the impairment of her ability to labor, independently of the husband's right to recover for the loss of her time. Chief Justice Bleckley, in the case *Powell v. The Augusta and Summerville R. R. Co.*, 77 Ga. at page 200, expressly so holds, and states in the course of his opinion: ''It may be thought that the loss of ability to labor is not pain, but this is a mistake. There is no greater blessing of life than the ability to labor, even though the proceeds may belong to another. It is better for happiness, as well as for virtue, to work for nothing than to be idle. A physical injury that destroys the power of a human being to labor is one of the most serious injuries that it is possible to inflict. True, it is not to be measured by pecuniary earnings where the suit is brought by a married woman, for such earnings, as a general rule, belong to the husband, and the right of action

for their loss is in him; but the wife, herself, has such an interest in her working capacity as that she can recover something for its destruction, and what she is to be allowed ought to be more or less according to the length of time during which her privation is likely to continue. Such privation may well be classed with pain and suffering, especially 'where it involves the breaking up of established habits. To man or woman accustomed to work, enforced idleness is torture."

The first proposition stated by counsel is, we think, without merit.

The second proposition advanced by the appellant is that, "The court erred in allowing evidence of plaintiff's alleged miscarriage, and later in refusing defendant's requests for instructions thereon, and in instructing that damages might be recovered therefor."

The plaintiff was permitted to testify, over objection, that at the time she was injured she was pregnant, and that shortly thereafter she suffered a miscarriage. The defendant requested instructions, in substance, that if plaintiff was pregnant and sustained injuries which she would not have sustained but for her pregnancy, and which were the direct consequences of pregnancy, that such injuries were remote and not proximate, and that plaintiff was not entitled to recover; and that even if the defendant was guilty of negligence, and the plaintiff was injured through such negligence, if such injuries were not of such character as might reasonably have been foreseen or expected as the natural result of the act complained of, the plaintiff cannot recover.

In support of the instructions offered, and as sustaining their position that the testimony should not have been received, counsel cite *Pullman Palace*

*Car Co. v. Barker,* 4 Colo. 344. At a time when the custom of women was upon her, the plaintiff in that action was compelled to leave a burning car of the defendant, on a winter's night, and with but slight apparel. By reason of the exposure, the custom spoken of was suppressed and she suffered a long period of sickness. The court held that, although she was compelled to leave the car in a half-clad condition and expose herself to the severity of the weather, as the direct result of the company's negligence, still that her subsequent illness was not the result of the exposure, but the result of her exposure in her then condition; and, further, that "The increased risk arising from conditions affecting their fitness to journey, certainly where they are unknown to the carrier, must rest upon their own shoulders"; and the plaintiff's right to recover was denied.

The case cited is not controlling in this case. In that case it was not a direct injury which caused the plaintiff's sickness, and her illness was caused, not by exposure alone, but by exposure in her then condition. In this case the plaintiff was thrown violently upon the floor of defendant's car, and as a direct result thereof she suffered a miscarriage. The case of *City v. Hyatt,* 28 Colo. 129, is more nearly in point.

In that case Mr. Justice Gabbert, in holding the city liable to the plaintiff for damages directly resulting from an injury sustained through the negligence of the city in maintaining a defective sidewalk, held not erroneous an instruction directing the jury that if the plaintiff had a latent disease which would not have been made manifest, or caused her trouble, except for the injury sustained by the fall, or that such condition was aggravated by the alleged injury, it might consider such injury in estimating damages.

In the course of the opinion, the Justice said: "The sidewalks of the city are for the use of those with organic predisposition to disease as well as for the healthy and robust, and any injuries which the former may sustain by reason of defects in such sidewalks, which result in aggravating an already diseased condition, are results for which the city must respond, if otherwise liable." And, as sustaining this position, he cites *Brown v. Chicago, Milwaukee & St. Paul Railroad,* 54 Wis. 342, which is a case very like the Barker case, and similar to the one now under consideration. The court held that a pregnant woman, a passenger on a railway train, who was carelessly directed by a brakeman to leave the train three miles short of her destination, and who was compelled, being a stranger there, to walk until she reached her destination; and who, by reason of this exertion, suffered a miscarriage and sickness, was held entitled to recover damages from the company for the injury. So that, except in so far as the Barker case announces the doctrine that a corporation is liable in damages for the proximate results of injuries occasioned by its negligence, it is modified by the later decision in the case *City v. Hyatt,* and that case is controlling in this. It was, therefore, not error to refuse to instruct the jury that if the plaintiff sustained injuries which she would not have sustained had she not been in a state of pregnancy, that such injuries are the remote, and not the proximate, result of the defendant's negligence; nor error to refuse to instruct the jury, under the facts of this case and the law applicable thereto, that if such injuries were not of such a character as might reasonably have been foreseen or expected as the natural result of the act complained of, that defendant was not liable.

We regard the assignments mentioned in subdivisions three and four of appellant's brief as being without merit, and shall not discuss them.

It is next contended that the court erred in not instructing the jury that, "Under the pleadings the plaintiff is not entitled to recover damages by reason of her state of neurasthenia, if you find that she is so afflicted"; and the appellant says that no mention is made in the complaint that the plaintiff was afflicted with neurasthenia. The plaintiff alleges in her complaint: "That as a result of the injury so caused, and because thereof, plaintiff has ever since undergone great and severe bodily and mental pain and suffering, and has received great and permanent bodily injury. That ever since being thrown, as aforesaid, and because thereof, plaintiff has been unable to eat any solid food and is compelled to subsist upon liquid nourishment; and ever since being thrown, as aforesaid, and because thereof, plaintiff has been, and still is, confined to her bed and cannot move about, and is unable to do any work of any kind whatsoever."

Physicians testified, without objection, that plaintiff was afflicted with what is known as traumatic neurasthenia. By this they mean that the nervous system, as the result of a wound or injury, had become weakened, and that there is a lack of power in the nerve centers to perform their functions properly. No testimony is set out in the brief from which it appears that the plaintiff was permitted to recover for injuries other than those alleged in the complaint, and we shall assume that her condition of suffering severe bodily and mental pain, of being unable to eat any solid food, of being confined to her bed, of being unable to move about, and of being unable to do any work of any kind whatsoever, as alleged in the complaint, was established by

the evidence; and, that the term "neurasthenia," as used by the physicians, is the technical name of the disease from which she was suffering.

Finally, the verdict in the sum of five thousand dollars is declared to be excessive. The record does not disclose that the verdict is so manifestly disproportionate to the injury as to make it apparent that the jury was influenced by prejudice, misapprehension, or by some corrupt or improper consideration, and we cannot, therefore, disturb it.

Finding no error in the record, the judgment is affirmed.                              *Affirmed.*

Mr. JUSTICE GODDARD and Mr. JUSTICE BAILEY concur.