MARY E. ROARK, Respondent, v. MISSOURI
PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, May 13, 1912.**

1. **CARRIERS: Passengers: Ordinary Health: Heat of Cars.**
It is the duty of railway carries of passengers in cold weather,
to heat their cars with sufficient warmth to make them reason-
ably comfortable for passengers in ordinary condition of health,
and if it fails to do so, it is liable for resulting injuries to
health.

2. ———: ———: ———: **Sick Passengers.** The fact that a
passenger is frail and weak and just recovering from a pro-
tracted spell of sickness, will not prevent him sustaining an
action against a railway company for sickness resulting from
a failure to keep up a degree of heat reasonably sufficient for
the comfort of passengers in ordinary health.

3. **EXPERT EVIDENCE: Hypothetical Question: "Would Ac-
count."** A physician, testifying as an expert, as to the con-
dition of a passenger who had been confined in a hospital suffer-
ing from uterine trouble and who had convalesced and returned
home on a cold day in an unheated railway car and thereafter
suffered a relapse, enduring much pain, can properly be asked
if the exposure in the unheated car "would account for the
relapse and the recurrence of her former ailment."

Appeal from Cole Circuit Court.—*Hon. John M.
Williams*, Judge.

AFFIRMED.

*Corum & Williams* for appellant.

(1) The demurrer to the evidence should have
been sustained. Mockowik v. Railroad, 196 Mo. 567;
Reams v. Dry Goods Co., 99 Mo. App. 405; Young v.
Railroad, 93 Mo. App. 267; Pullman Co. v. Barker,
4 Colo. 344; Terrintine v. Railroad, 92 N. C. 638;
Mewethy v. Carrier Co., 86 N. W. 827; O'Donnell v.
Railroad, 42 S. W. 846. (2) The court erred in permit-
ting the plaintiff to ask hypothetical questions which

called for conclusions of the expert witnesses and erred in permitting the expert witnesses to give their conclusions that exposure to the cold in the car accounted for the recurrence of plaintiff's ailment. Glasgow v. Railroad, 191 Mo. 360; Smart v. Kansas City, 208 Mo. 200; Roscoe v. Railroad, 202 Mo. 594; Holtzen v. Railroad, 140 S. W. 756; Thomas v. Railroad, 125 Mo. App. 137; Spaulding v. Edina, 122 Mo. App. 69; Smith v. Kansas City, 125 Mo. App. 158. (3) The court erred in giving instructions to the jury on behalf of the plaintiff which permitted the jury to find for the plaintiff if they found that the car was not sufficiently heated for the comfort of plaintiff in her enfeebled condition. The defendant owed the plaintiff no higher duty than it did any other passenger unless it had notice of her infirmity. There was no evidence tending to show that it had such notice. The instructions permitted the jury to find the defendant liable without requiring a finding that defendant had notice of the enfeebled and sickened condition of plaintiff and permitted a recovery on the part of plaintiff even though the car was sufficiently warm for the comfort and safety of one in ordinary health. This was error. Young v. Railroad, 93 Mo. App. 267; 2 Hutchinson on Carriers, sec. 992; Hanks v. Railroad, 60 Mo. App. 274; Denning v. Railroad, 80 Mo. App. 156; Matthews v. Railroad, 115 Mo. App. 473; 6 Cyc., p. 599.

*Silver & Dunn* for respondent.

(1) The trial court rightly overruled the demurrers to the evidence and permitted the case to go to the jury. It was the duty of the defendant, as a common carrier of passengers, to keep the car in which plaintiff was a passenger reasonably warm and comfortable, and it is responsible for injuries to plaintiff for neglect of such duty. Taylor v. Railroad, 38 S. W. (Mo.) Rep. 304; Coast Line v. Powell, 127 Ga. 805;

Dillingham v. Hodges, 26 S. W. (Tex.) 86; 2 Hutchison on Carriers (3 Ed.), sec. 922; 3 Thompson on Negligence, p. 302. (2) It is true that Dr. Helbing did, in his answer, state that the exposure to the cold in the car ''undoubtedly caused the return.'' But the question being in proper form, if defendant desired to avail itself of an objection to the answer as an improper one, it should have moved to strike it out, and not having done so it waived objection to it. Corbett v. Railroad, 26 Mo. App. 621; Vette v. Johnson, 43 Mo. App. 300; State v. Purcell, 131 Mo. 312; State v. Eisenhour, 132 Mo. 141.

ELLISON, J.—Plaintiff was a passenger on one of defendant's trains from St. Louis to Jefferson City, on a cold day, and on account of alleged negligence of defendant in failing to heat the car in which she rode, she suffered great bodily injury. She brought this action and recovered judgment.

It appears that plaintiff resided near Jefferson City, and had been under medical treatment at a hospital in St. Louis for uterine ailment and that she had become convalescent and was discharged by her physician, when she came to the passenger station in St. Louis and took passage for home, in company with her nephew, on one of defendant's trains, leaving about nine o'clock in the morning. That soon after starting, the car was discovered to be unreasonably and uncomfortably cold, on account of no heat coming into it through the heating pipes therein provided. That complaint was made to the conductor, who gave no heed to her; nor was any reasonable degree of heat produced, or sent into the pipes of said car, until near the end of the journey at Jefferson City. In consequence of which, plaintiff's ailments, of which she was practically cured, returned in aggravated form and cause her great sufferiing, pain and injury.

We need not follow through the testimony of witnesses for either party and will rest content with the statement that the evidence tended to show plaintiff's situation as we have stated it, and that the car was not supplied wih a reasonable degree of heat to keep passengers in reasonable comfort, or to prevent them from suffering from the cold.

It was the duty of defendant as a carrier of passengers to keep its cars supplied with such reasonable degree of heat as would keep its passengers, in ordinary normal condition, in a reasonable degree of comfort. [Atlantic Coast Line v. Powell, 127 Ga. 805; 2 Hutchinson on Carriers, sec. 922; 3 Thompson on Negligence, sec. 2833.]

A carrier would not be expected to meet the special and extraordinary care in the way of heat which one weakened or wasted from sickness or disease might require. A carrier of the general public ought only to be asked to prepare for the travel of the ordinary person who is unafflicted with extraordinary conditions. [Pullman Palace Car Co. v. Barker, 4 Colo. 344.] When the case was argued we were inclined to believe plaintiff was demanding that cars should be kept too much in the nature of hospitals for successful and proper service to the general public. But when the instructions are examined, it is found that the case has wisely been put to the jury on the duty of the carrier to supply the car with heat and warmth sufficient to keep it reasonably warm for its passengers generally, in ordinary conditions of health. And this is emphasized by one or more instructions given for defendant. The fact that plaintiff was in a weakened condition ought not to prevent a recovery for injury which was caused by a car not provided with reasonably sufficient heat for a person in ordinary health, and an instruction properly so informed the jury.

So the case presents itself as one of fact, and we have found that there was evidence tending to prove

the ground of plaintiff's complaint. It is true that defendant insists there was contributory negligence in plaintiff's exposing herself, or in not taking advantage of sufficient wrappings, or in not asking to go into another car. But all this, together with her expostulations with the conductor and his indifference and treatment of her, were brought out in evidence, and we can by no means say, as a matter of law, that she was guilty of contributory negligence, and we are therefore satisfied with the action of the court in refusing the demurrer to the evidence.

Hypothetical questions were propounded to physicians as expert witnesses. After stating the supposed facts, the questions asked were, whether or not in your opinion the low temperature in the car "would account for the relapse and recurrence of her former ailment." The question was objected to on the ground that it invaded the province of the jury and called for the conclusion of the doctor. This was disclaimed by the attorney for the plaintiff saying that he did not desire the witness to state his conclusion of the cause of the return of plaintiff's ailment, but merely to learn whether the facts stated would account for her condition. And in answer to one of these questions the physician, after saying it would, added "and evidently in this case it did;" but this was immediately stricken out. We conclude that the question was not improper. It is well known that in investigations it is frequently the case that many different things will account for a certain condition. In this case, plaintiff's condition was being accounted for. It could, of course, have been brought about by one of many different things as a cause; or by several things combining to the one result. So the question was not, did the trip in the cold car cause plaintiff's condition, but, would it account for such condition? That is to say, could the condition have been caused by the trip? The question was not whether the cold car caused the condition, but

was the cold car a way in which it could be accounted for. In other words, could it have resulted from the trip in the cold car. The question was not like that in Glasgow v. Ry. Co., 191 Mo. 347, Smart v. Kansas City, 208 Mo. 162, and other cases cited by defendant. We think the discussion of the Glasgow case, at pages 363-365, while not showing a form of question like the one under discussion, will persuade one that the trial court in this instance properly interpreted the meaning of the inquiry made. [Wood v. Ry. Co., 181 Mo. 433; Taylor v. Ry. Co., 185 Mo. 239.]

In our opinion the instructions when considered together could not have misled the jury. It is said that those for plaintiff would authorize a verdict against defendant if it failed to supply heat sufficient to keep the car reasonably warm "for its passengers therein." That as plaintiff, in her weakened condition, was a passenger therein and was not kept sufficiently warm, then she should receive a verdict, though her lack of warmth came from her condition and not from defendant's negligence. Possibly such an argument could have been built upon the instruction if it had not been for one given for defendant in which the jury were explicitly told that she could not recover if the car was sufficiently heated for the reasonable warmth of a person in ordinary health.

On the whole record we are satisfied no cause exists for our interference, and the judgment is affirmed. All concur.