[No. 4067.]

## CITY OF BOULDER V. STEWARDSON.

1. EVIDENCE—*Measure of Proof Required.* About ten days previous to the injury complained of defendant's employes had left upon the margin of the street, a steam roller and the coal wagon used with it. As plaintiff was driving upon the street about 5. P. M. on the 18th of November, the horse, near the steam roller, veered from the street to the curbing; the buggy was upset, and plaintiff and another lady with her, were thrown out. The horse himself escaped, but was afterwards captured, with the buggy and harness badly damaged. Plaintiff had not seen the steam roller before the accident or afterwards. Immediately before, or at the instant the horse bolted, the other lady exclaimed, "O, what's that." This exclamation, or what occasioned it, was not explained. The only occupants of the buggy were the plaintiff, the other lady, and two children whose ages were not shown. No attempt was made to show that the misconduct of the horse could be attributed only to fright at the presence of the roller. The other lady, although within the state, was not called. The inference that the presence of the steam roller occasioned the fright of the horse, if he was frightened, it was said, was therefore based wholly on presumption, while the facts shown would as reasonably warrant a different inference. It was held therefore that inasmuch as mere theories and inferences do not authorize a verdict in

causes of this character, unless the conclusion of liability is the only one which can reasonably be drawn from the facts proven, the plaintiff had failed. (291-293)

2. PRESUMPTIONS—*Upon Presumption.*  One presumption is not to be founded upon another. (294)

3. DAMAGES—*Pleading as to.*  Action for personal injuries.  There was no allegation of medical expense, nursing, or loss of time.  An instruction to make an allowance on account of any of these matters was held error. (294, 295)

So as to an instruction to allow plaintiff for any loss of power to earn money, there being no allegation upon the subject. (295)

4. PLEADING—*Negligence Occasioning Fright of Plaintiff's Horse.*  The complaint should allege that the horse was an ordinarily gentle animal. (296)

5. JUDICIAL NOTICE—*Not Taken,* that a steam roller standing unused on the margin of a street is calculated to frighten an ordinarily gentle horse. (297)

*Error to Boulder District Court.*  HON NEIL F. GRAHAM, Judge.

MR. H. E. ROWLAND, MR. J. T. ATWOOD for plaintiff in error.

MESSRS. RINN & ARCHIBALD, MR. T. A. McHARG AND MR. T. M. ROBINSON for defendant in error.

CUNNINGHAM, Presiding Judge.

While driving a horse and buggy upon a street of the city of Boulder, plaintiff was thrown from her buggy and sustained certain injuries as a result of the accident.  She brought her action against the city, and had judgment, from which the city prosecutes error.

The facts necessary to a proper understanding of the case are substantially as follows:  The city owned a steam street roller which it used for the purpose of maintaining the streets of the city in proper repair.  About ten days prior to the accident this roller was left by employees of the city upon the extreme margin of one of its public streets, together with a coal wagon used in connection therewith.  About five o'clock in the afternoon of November 21, 1911, while plaintiff was driving along the street where the roller was standing, her horse veered from the main street on to the curbing, resulting

in plaintiff and another lady who, with her two children, was in the buggy at the time, being thrown to the ground. The horse escaped and afterwards was found not far from the scene of the accident, with the buggy and harness badly damaged, portions of the buggy being demolished. There was no lantern or artificial light upon the machine, but there was an arc light about forty feet from where the roller was standing, the current of which had apparently, at the time, not been turned on by the city. Plaintiff insists that at that time in the evening it was quite dark, while it is insisted on behalf of the city that it was yet light; in the view we shall take of this case, it is not necessary to determine this contention. On the stand plaintiff admitted repeatedly that she did not see the steam roller before, at the time of, or after the accident, and only knows it was upon the street at the point stated by what she had been told. We have been able to find no evidence whatever, either in the printed abstract or in the original bill of exceptions, proving or tending to prove that the animal took fright at the steam roller except that it was near the steam roller at the time the buggy was overturned; indeed, the contention that the horse took fright at all seems to rest rather upon presumption than direct evidence. The mere fact that the animal ran upon the curbing might well have been due to a sudden giving way or breaking of some portion of the harness or vehicle to which it was attached. We shall later refer to this feature of the evidence. Plaintiff testified that immediately before, or at the instant, the horse bolted, her companion, Mrs. Brown, exclaimed, "Oh, what's that?", and before she, the plaintiff, "had time to notice what she, Mrs. Brown, was referring to, or anything about it, the horse had run upon the parking, turning the buggy over, and turned them out; the parking on the side of the street." The record is utterly silent as to what Mrs. Brown had seen or heard to occasion her exclamation. Plaintiff did not pretend to know what had attracted Mrs. Brown's attention, and, although residing at the time of

the trial in Trinidad, Mrs. Brown was not produced as a witness, and no explanation was made of her absence from the trial.   The age of Mrs. Brown's two children who were in the buggy at the time of the accident, is not made to appear. There were no other eye-witnesses to the accident than the occupants of the buggy.   Not the slightest attempt was made by plaintiff on the trial to exclude any or all other possibilities or probabilities that the animal may have run from the street upon the curbing from some other cause than fright occasioned by the presence of the steam roller.

1.   Beyond the fact of the location of the steam roller, there is no direct proof of any fact tending to show why the horse took fright, if it was frightened.   The inference that the steam roller occasioned its fright is therefore based wholly upon a presumption, which just as reasonably warrants a different conclusion.

"Mere theories and inferences do not authorize a verdict in a case of this nature, unless they are the only conclusions which can reasonably be drawn from the facts proven."—*A. T. & S. F. R. R. Co. v. McFarland*, 2 Kans. App. 662, 43 Pac. 788.

In *Railroad Co. v. DeGraff*, 2 Colo. App. 42, 29 Pac. 664, the court, in commenting upon the cause of a fire alleged to have been started by a railroad company, aptly says:

"The fact of the origin of the fire, like any other material fact, should be established; and while the jury, within certain limits, may be left to infer the fact from the circumstances proved, such proof ought to be sufficient to rebut the probability of the fire having originated in any other manner."

In *Sheldon v. Ry. Co.*, 29 Barb. 226, it is said that:

"It is not enough for the plaintiff to show a possibility that the fire was communicated to the mill by sparks emitted by defendant's locomotive.   He can not recover upon a possibility.   Even if the evidence went further and brought the facts sought to be proved to within a probability, still the plaintiff must fail; because, to justify a verdict, the law re-

quires, not positive proof it is true, but such proof as will leave no reasonable doubt of the existence of facts upon which it must rest. The rights of property and all claims to its possession and enjoyment are dependent upon the existence of certain facts, and when they are disputed, and become the subject of judicial investigation, if juries could assume their existence without sufficient evidence, and render verdicts upon possibility, probability and conjecture, the courts would be shorn of their legitimate authority, and wise and just rules of common law as they have been recognized and applied from time immemorial, would lose their principal value." *M., K. & T. Ry. Co. v. Wilder,* 3 Ind. T. 85, 53 S. W. 490; *Chicago R. R. Co. v. Rhoades,* 64 Kan. 553, 68 Pac. 58; *U. P. Ry. Co. v. Bullis,* 6 Colo. App. 64, 39 Pac. 897; *D. & R. G. Co. v. Robinson,* 6 Colo. App. 432, 40 Pac. 840; *R. R. Co. v. Priest,* 9 Colo. App. 103, 47 Pac. 653; *C., B. & Q. Co. v. Church,* 49 Colo. 582, 114 Pac. 299; *Douglass v. Mitchell Ex'r.,* 35 Pa. 440; *National Bank v. Graham,* 100 U. S. 699, 25 L. Ed. 750.

2. As we have already said, the contention that the horse ran from the street and overturned the buggy, as a result of fright, seems to rest upon presumption, rather than upon direct proof, and it is clear that the contention that the horse was frightened by the steam roller is based upon presumptions wholly. Therefore, we have the vice which the authorities uniformly condemn, viz: basing one presumption upon another presumption.

*Globe Accident Ins. Co. v. Gerisch, Admrx.,* 163 Ill. 625, 45 N. E. 563, 54 Am. St. 486. 16 *Cyc.* 1051-1087. 1051-1087.

3. Instruction No. 21, given by the trial court, bearing upon the measure of damages, reads in part as follows:

"You are further instructed that if you find for the plaintiff, it will be your duty to compensate her for damages she has sustained and include all expenses she has incurred

owing to the injury received, such as medical expense and for nursing and attendance, if any."

There was no allegation in the complaint, and no proof warranting the submission to the jury, for their consideration, the question of medical expense, or expense for nursing and attendance. Proceeding, in the same instruction, the jury was told that it might, "also allow her for lost time." There was no evidence whatever in the record and no allegation in the complaint, to warrant the submission of this question to the jury. In the same instruction the jury was advised as follows:

"You may also allow the plaintiff damages for any permanent injury, if any has been shown by the evidence, and for the reduction of plaintiff's power to earn money in the future, caused by the injury, and in doing this you should take into consideration plaintiff's age, her probable expectancy of life, * * * all of which are circumstances to be weighed in arriving at a fair pecuniary compensation to plaintiff for the permanent injury, if any received, and in the impairment of plaintiff's future earning capacity, if you find from the evidence that the same has been impaired."

Plaintiff was a married woman, residing with her husband; there was no evidence offered as to her power to earn money, either prior or subsequent to the injury, and there was no allegation in the complaint tendering an issue of this sort. Neither was there any evidence introduced as to plaintiff's probable expectancy of life. We are forced to conclude, for the reasons pointed out, that instruction No. 21 was fatally defective, and the giving of it, under the pleadings and the proof as disclosed by the record before us, highly prejudicial to the city. In view of the probability of another trial, we call attention to *D. & R. G. Co. v. Young,* 30 Colo. 349, 70 Pac. 688, wherein the right of a married woman to recover for loss of time and the impairment of her future earning capacity is fully discussed. The instruction criticised in the Young case, we find from an examination

of the original record in that case, was strikingly similar to instruction No. 21 in the instant case. In part that instruction reads as follows:

"You may give her such a reasonable amount as will compensate her for her inability to perform manual labor that may appear to have been caused by reason of receiving such injury. And in fixing the amount of such compensation, you have a right to take into consideration the loss of time plaintiff has sustained by her inability to labor, her doctor's bills, and her expenses incurred, if any. * * * It is also your duty to take into consideration any such disability the plaintiff may have proven that she has received, and her diminution of power in gaining a livelihood in the future."

The *Young* case is reviewed and commented upon in *C. S. & I. Ry. Co. v. Nichols*, 41 Colo. 272, 92 Pac. 691, 20 L. R. A. (N. S.) 215, and the Nichols case is elaborately annotated in 20 L. R. A. (N. S.) 215, where the question of the rights of a married woman to recover for loss of time, etc., is ably and exhaustively considered. See also *Town of Salida v. McKinna*, 16 Colo. 523, 27 Pac. 810, wherein the court ruled that testimony to the effect that plaintiff had spent, "for medicines, stimulants and other necessaries for her benefit, and that the same 'might amount to $200, probably,' " was too indefinite to found a recovery upon. See also: *City of Wyandot v. Agan*, 37 Kans. 528, 15 Pac. 529; *A. T. & S. F. R. R. Co. v. McGinnis*, 46 Kans. 109, 26 Pac. 453; *Denver Tramway Co. v. Riley*, 14 Colo. App. 132, 59 Pac. 476; 5 Am. & Eng. Enc. of Law, Sec. 557; 3 Sutherland on Damages (2nd Ed.) Sec. 952.

4. It is vigorously contended on behalf of the city that the complaint is fatally defective in that it contains no allegation to the effect that the horse which plaintiff was driving was an ordinarily gentle animal, and the evidence, it is also contended by counsel for the city, falls short of establishing this fact. There appears to be authority supporting the contention with reference to the alleged defect in the complaint.

28 *Cyc.* 1380-1; *Elam v. Mt. Sterling,* 132 Ky. 657, 117 S. W. 250, 20 L. R. A. (N. S.).

The only evidence which we discover tending to show that the steam roller was an implement calculated to frighten ordinarily gentle horses is that the horse in question was an animal that frightened at nothing except steam engines, or some other similar object, and the testimony of two witnesses residing near where the roller was standing that they had observed on several occasions horses that were being ridden or driven by the machine become frightened. Whether or not the horses which these witnesses had noticed were ordinarily gentle, and city broke does not appear. Courts can not properly take judicial notice that a steam roller standing unused on the margin of a street is an object calculated to frighten ordinarily gentle animals, especially city broke animals, which, in these days, are constantly passing and being passed by all of the various instruments of transportation, such as street cars, and automobiles of every size and make.

The judgment of the trial court will be reversed, and the case remanded, with leave to the plaintiff to amend her complaint as she may be advised.

*Reversed and remanded.*