No. 9485.

## CITY OF BOULDER *v.* STEWARDSON.

1. MUNICIPAL CORPORATIONS—*Negligence.* Allowing to remain upon a public street objects which naturally occasion fright to a gentle horse, e. g., a steam roller and coal wagon, is negligence.

2. EVIDENCE—*Competency.* That other horses usually shied on approaching the roller is admissible, even though the witness speaking of the matter had no knowledge of the character of these horses.

3. ——*Testimony of Deceased Witness.* Testimony given upon a former trial, by a witness since deceased, is admissible. The party offering it is not required to put in evidence the whole of the testimony. The adversary party may read any matter omitted if he desires.

4. STATUTE—*Construction.* A statute allowing interest is strictly construed. The act of 1911, c. 114, allowing interest upon judgments for personal injuries occasioned by the tort of "any other person, corporation, &c.," does not extend to municipal corporations.

*Error to Boulder District Court, Hon. Neil F. Graham, Judge.*

Mr. FRANK L. MOORHEAD, Mr. J. T. ATWOOD, for plaintiff in error.

Messrs. RINN & ARCHIBALD, for defendant in error.

Mr. Justice Allen delivered the opinion of the court.

This is an action in tort to recover damages for personal injuries. The complaint alleges, in substances, that on November 21, 1911, and for a considerable length of time prior thereto, the defendant, the city of Boulder, a municipal corporation, negligently and carelessly caused and permitted a large steam roller with a coal wagon to be and to remain upon a public highway or street, known as Hill Street, in the city of Boulder; that on the date above mentioned, the plaintiff was "driving an ordinarily gentle horse, hitched to a buggy," and was driving upon and along

Hill Street, at about five o'clock p. m.; that when approaching to, and arriving near the steam roller and coal wagon, the horse became frightened by such roller and wagon, and by reason of such fright, shied and overturned the buggy, thereby injuring the plaintiff.

This cause was instituted by the plaintiff, Madge I. Stewardson, against the defendant, the city of Boulder, on January 29, 1912, and after issues were joined by the pleadings, a trial was had, resulting in a verdict and judgment for the plaintiff. This judgment was reversed by our Court of Appeals in *City of Boulder v. Stewardson,* 26 Colo. App. 290, 143 Pac. 820. After such reversal, and on April 22, 1918, a second trial was begun, and at the conclusion thereof, the jury rendered a verdict in favor of the plaintiff, assessing the amount of her recovery at the sum of $1,750. Thereafter, and on the overruling of a motion for a new trial, the court rendered a judgment for the plaintiff in the sum of $2,633.15 and for costs. This amount includes that named in the verdict, $1,750, and interest thereon from January 29, 1912, the date of the filing of the complaint, to May 20, 1918, the date of the rendition of the judgment, calculated at the rate of eight per cent per annum. The amount of interest thus included in the judgment is $883.15. The defendant brings the cause here for review.

At the close of the plaintiff's testimony, the defendant moved for a non-suit, which was denied, and error is assigned to the court's action in this respect. We find sufficient evidence in the record to justify the overruling of the motion. Such evidence tended to show that the steam roller and coal wagon were negligently permitted to remain on Hill Street; that these were objects naturally calculated to frighten horses of ordinary gentleness; and that the plaintiff's horse was one of ordinary gentleness and was frightened by the steam roller. Such ultimate facts render the city liable in case of an accident happening in consequence thereof. 28 Cyc. 1380, 1381.

As tending to show that the steam roller and coal wagon, standing together, were obstructions in a highway

calculated to frighten horses of ordinary gentleness, the witness Mrs. Spaulding testified that other horses shied at the roller; that horses used with city delivery wagons were among those that took fright at the roller; that she "never noticed any horses that ever passed but what shied," and that such horses acted ordinarily gentle until they got to the roller. Such evidence was competent and admissible, and we cannot sustain the contention of the defendant that the evidence should have been stricken simply for the reason that the witness "has not stated that she knew anything about the nature of any of the horses or knew any of their dispositions or nature or whether they were horses of ordinary gentleness or otherwise." The evidence above mentioned is, furthermore, sufficient to overcome the defendant's assertion or contention that "there is no evidence whatever in the record to show that (the steam roller) was an object calculated to frighten" a horse of ordinary gentleness.

The defendant also contends that "there is no evidence whatever that the (plaintiff's) horse took fright at the roller." The evidence at the first trial was defective in this respect. *City of Boulder v. Stewardson, supra.* But on the second trial, which is now being reviewed, the evidence upon the point in question was sufficient. The witness Mrs. Brown, who did not testify at the first trial, was produced at the second trial, and testified that at the time of the accident the plaintiff's horse had been "perfectly nice" until opposite the steam roller, and then picked up its ears, and looked at the steam roller, and when it looked at the roller it shied out and threw occupants, including plaintiff, from the buggy; that the horse called the witness' attention to the roller by getting scared at it; that the witness saw the horse look at the steam roller, and that that was the first time the witness had seen the roller.

One of the contentions of the defendant relates to the use of former evidence. At the first trial of this cause, one Dr. A. R. Peebles was a witness and testified on behalf

of the plaintiff. Prior to the second trial, Dr. Peebles died. Upon such second trial the plaintiff introduced in evidence the testimony given by Dr. Peebles, at the first trial, upon his direct examination. The plaintiff did not offer the former testimony of such deceased witness as given on his cross-examination, and as soon as this situation appeared, the defendant moved to strike the former evidence as introduced, which motion was overruled. The defendant now contends that "the court erred in ruling that it was not the duty of the plaintiff to read the cross-examination of the witness, Dr. A. R. Peebles, from the record of the former trial which she introduced in evidence." We find no error, in this connection. The record shows that the trial judge, addressing counsel for the defendant after overruling the latter's motion, said: "If you want the cross-examination introduced in this hearing, you may read it, and if not, why of course it will not go in." The practice thus adopted by the trial court was correct. This point has not frequently arisen in the reported cases. It is, however, fully discussed in *Waller v. State,* 102 Ga. 684, 28 S. E. 284, where it is held that in reading the report of a deceased witness' testimony, the prosecution need offer only the direct examination, or such portions as it deems material; the defence being at liberty to read the remaining portions, not as its own evidence but as evidence introduced by the plaintiff who first offered it. In 5 Enc. of Ev. 945, it is said: "In a few states the substance of all the former testimony on the particular issue not only must be available, but must be put in evidence. In other states, so long as the requisite testimony is shown to be available, the party need only put in evidence so much thereof as he desires. It is then the right of the party against whom it is offered, at his option, to put in evidence further proof of the former testimony. By failing to introduce such further proof, he cannot deprive the other party of the evidence to which he is entitled."

In section 2103 Wigmore on Evidence, the author refers to the rule or the practice whereby the taker of a deposi-

tion, when using it, need put in the direct examination only, leaving to the opponent to use the cross-examination or not, as he pleases. The author further states, citing *Waller v. State, supra*: "When testimony at a former trial is offered in the shape of a written verbatim report, and is not proved by oral testimony resting on recollection, the analogy of a deposition would seem to apply, so that the offeror need not read any more than he considers material, the opponent having it conveniently in his power to use the remainder afterwards. * * *"

The plaintiff in error further contends that the trial court erred in adding to the damages assessed by the jury, and in including in the judgment, the interest on the amount so assessed, at the rate of eight per cent per annum from the date of the filing of the action. The trial court considered the interest allowable under chapter 114, page 246, of the Session Laws of 1911, being an act providing for interest on damages for personal injuries. The statute in question, so far as material to this discussion, reads as follows: "In all actions brought to recover damages for personal injuries hereafter sustained by any person, resulting from or occasioned by the tort of any other person, corporation, association or partnership, * * * it shall be lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date said suit is filed. * * *"

If interest is allowable in the instant case, under this statute, it is only upon the theory that the term "corporation," as used in the statute, is broad enough to comprehend a municipal corporation. In 19 R. C. L. 689, sec. 3, note 12, numerous cases are cited as holding that the word "corporation" in a statute does not include public corporations, as well as cases holding to the contrary. In the text of the work above cited, it is stated that whether a municipal corporation will be affected by a statute referring to corporations depends upon the subject matter of the statute, the collocation of the words, and the practice of the legislature in the use of the word in other cases.

The statute in question is an interest statute. As said in 22 Cyc. 1481, "interest statutes, being in derogation of the common law, must be strictly construed." This rule was approvingly mentioned in *Cobb v. Stratton's Estate*, 56 Colo. 278, 285, 138 Pac. 35, Ann. Cas. 1915 C 1166. The rule of strict construction was one of the considerations of the court in *Emory v. Laurel*, 3 Penn. (Del.) 67, 55 Atl. 1118, in reaching the conclusion that the term "corporation," as used in a statute relating to mechanics' liens, does not include a municipal corporation. In the discussion of principles relating to strict and liberal constructions, in Black on Interpretation of Laws, p. 284, it is said, among other things, that "if the words used are capable of being understood in a larger or narrower sense, in the one case they will be restricted and in the other extended." Construing the term "corporation," as used in the statute in question, under the rule of strict construction, we may adopt the definition found in 1 Words and Phrases (2nd series), 1062, reading and containing citations as follows: "The courts hold that the general word 'corporation' must be restricted to mean private or ordinary business corporations, and not extended to embrace municipal corporations and bodies politic and corporate." *Emes v. Fowler*, 89 N. Y. Supp. 685, 688, 43 Misc. Rep. 603 (citing *Wallace v. Lawyer*, 54 Ind. 501, 23 Am. Rep. 661). We, therefore, hold that the word "corporation" as used in the interest statute in question does not include in its meaning a municipal corporation. It is not claimed that the interest would be chargeable in the absence of statute. It was error to allow the interest.

For the reasons above indicated, the judgment is modified so as to exclude therefrom any interest on the damages assessed by the jury. The judgment, to the extent that it is upon the verdict, awarding the plaintiff the sum of $1,750.00 as damages, is affirmed. The cause is remanded for the entry of a judgment conforming to the decision hereinabove announced.

*Modified and Affirmed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.