Beckett et al. v. Cuenin.

1. Service of Process Upon Absent or Non-Resident Defendants. In order to procure a valid service by the publication of the summons, the statutory requirements must be successively and accurately taken, in order to confer upon the court jurisdiction over the defendant.

2. Authority for Order of Publication — Requirements of Affidavit.— A valid order for the publication of summons must be based upon an affidavit showing affirmatively that a cause of action exists against the defendant and in favor of the plaintiff.

3. A Complaint is Necessary to Sustain a Judgment.— It is absolutely indispensable to the maintenance of a judgment in a court of record that a complaint, or written statement of the cause of action, be filed.

*Appeal from Gunnison County Court.*

In July, 1886, the plaintiff, Cuenin, started this case in the county court of Gunnison county, by filing in that court an undertaking and an affidavit for attachment. The summons and writ of attachment were issued. The summons recited substantially that the plaintiff demanded judgment

for $1,000, with interest at ten per cent. from June 12, 1884, for attorney's fees amounting to ten per cent. of the note, and for costs of suit.   Subsequently, and in September, the plaintiff filed an affidavit in the following words:

"Dexter T. Sapp, being duly sworn, says that he is the attorney for the plaintiff in the above-entitled cause.   That this action is brought to recover of the defendants the sum of $1,120.97 upon two promissory notes of $500 each, dated August 14, 1884, with interest thereon at the rate of ten per cent. per annum from said date, and also ten per cent. attorney's fees, as provided in said notes.   That said William D. Beckett and John M. Beckett compose the copartnership of said Becket Bros.   That upon the 17th day of July, A. D. 1886, a writ of attachment was issued in this cause, and placed in the hands of the sheriff of said Gunnison county for service.   That on said day a writ of summons was issued in this cause in due form, subscribed, 'Brown & Sapp, attorneys for plaintiff," which summons was placed in the hands of the sheriff of Gunnison county for service upon said defendants.   That the defendants William D. Beckett and John M. Beckett now reside at Hastings, in the county of Clay, state of Nebraska, as deponent is informed by Louis Boisot, of Gunnison, Colorado, said Boisot having been the attorney of said Becketts, and as deponent also believes from having received letters from said defendants which were mailed at said Hastings.   That at no time since the issuing of summons in this case has either of said defendants been within the state of Colorado.

"That the sheriff of Gunnison county has returned to this court the summons issued herein and placed in his hands for service as aforesaid, with his indorsement thereon, to the effect that he cannot find the said defendants in his county.

"That personal service of said summons can be had upon said defendants at said Hastings, in the state of Nebraska, but cannot be had upon either of them in the state of Colorado, as deponent is informed as aforesaid, and as he be-

lieves." " That the defendants are a necessary and proper party to the action for the reasons (1) that there are no other defendants and no other person or persons liable for the debt sued for; (2) that, by virtue of the writ of attachment issued in this cause, real property owned by one of said defendants, and situate in the county of Mesa, in this state, and debts owing to said defendants, have been attached by garnishment in the said county of Gunnison, and, without some kind of service of summons in this cause, it will be impossible to have the property and debts so attached applied towards the payment of the claim in this cause sued for."

" Wherefore affiant asks that an order may be granted that the service of said summons be made by the publication thereof.   Subscribed and sworn to before me this 21st day of September, A. D. 1886.   EDWARD P. COLBORN, Judge and Acting Clerk."

As a matter of fact the affidavit was not signed, although the statement of the verification recites its subscription. The order for publication was made, and publication was had, and in March, 1887, after making proof of the mailing of two copies of the summons to the two defendants, and a showing therein that no appearance had been entered for the defendants, a default was entered by the judge and acting clerk of the court, and afterwards, and on the same day, according to the recital of the judgment, viz.: "Upon application to the judge and acting clerk by Brown & Sapp, attorneys for said plaintiff, judgment is hereby entered against said defendants, in pursuance of the prayer of said complaint; wherefore, by virtue of the law and by reason of the premises aforesaid, judgment is hereby entered against the defendants, and in favor of the plaintiff, for the sum of $1,473.20, with interest thereon at the rate of ten per cent. per annum from the date hereof until paid, and his costs and disbursements incurred in this action, taxed at the sum of $17.55, and that he have execution therefor." Attest: " EDWARD F. COLBORN, Judge and Acting Clerk."

No complaint was ever filed in court in the case. On the 22d of March an execution was issued on the judgment, and on the 31st of the same month the defendants served their notice of appeal as provided by the statute.

Messrs. Bell, Goudy & Boisot, for appellants.

Bissell, C. The errors contained in this record leave no basis upon which the judgment can be sustained. The service was made by publication, and the order therefor was entered upon the affidavit which is set forth in the statement. It is an established principle in all courts that the method of acquiring jurisdiction by publication is in derogation of the common law, and that the statutory requirements must be successively and accurately taken in order to confer upon the court jurisdiction over the defendant. This principle has been so often decided and so universally declared that it is wholly unnecessary to cite authorities in support of the proposition. The application of this rule precludes any successful defense of the order of publication which was entered by the county court.

To justify the making of the order, the plaintiff was bound under section 44 of the code to file an affidavit by which it should appear that a cause of action existed against the defendants. No such showing was made in this case, according to any reasonable construction of the section. The affidavit does not state that any cause of action exists in favor of the plaintiff, or against the defendants, nor is this fact otherwise made affirmatively to appear in it. It sets up that the action is brought to recover the sum of $1,120.97 upon two promissory notes, which are described as to the date of their execution, but it does not state, either that the defendants were the makers of those two notes, or the guarantors thereof against whom a right of action existed in favor of the plaintiff, or that they were the payees and subsequent indorsers, or indorsers thereof and not payees, or that the plaintiffs were the owners and holders of the

notes. The affidavit states no cause of action whatsoever against these two defendants, or either of them, upon the two notes as described. Under these circumstances it is wholly impossible to uphold the jurisdiction of the court in the premises. *Ricketson v. Richardson*, 26 Cal. 149; *Yolo Co. v. Knight*, 70 Cal. 432; *Slocum v. Slocum*, 17 Wis. 155; *Towsley v. McDonald*, 32 Barb. 604; *Shields v. Miller*, 9 Kan. 390; *Atkins v. Atkins*, 9 Neb. 191–194.

It is exceedingly doubtful whether there is any such showing of non-residence as would entitle the plaintiff to proceed to obtain service by publication; but the insufficiency of the affidavit renders it unnecessary to put the decision upon this ground.

The failure to file a complaint prior to the rendition of judgment, or at all, is a fatal irregularity. According to the practice, as it existed at that time, it was necessary that the complaint should be filed before the entry of judgment. Section 9 of an act to amend, etc., Session Laws 1885, p. 132.

Whether the failure to file the complaint prior to the entry of judgment would of itself have been fatal to the validity of the judgment, or whether upon application for the purpose prior to the appeal the court could have made an order permitting it to be done, it is not necessary to consider. No such application was made, nor was any complaint ever filed. On general principles, regardless of this statute, it must be held that a complaint, or some written statement of the cause of action, is absolutely indispensable to the maintenance of a judgment recovered in a court of record. As it was well put in *Young v. Rosenbaum*, 39 Cal. 654: "It would seem impossible to maintain in any forum a judgment unless it was based upon a complaint or a statement of the cause of action of the party in whose favor it was rendered."

These errors render it impossible to maintain the judgment. Since the cause must be reversed, it is needless to discuss the question whether it should be reversed because it was entered for more than the sum which the plaintiff

was entitled to recover according to the action as he instituted it, or whether he should be permitted to remit the excess, and the judgment be upheld for the balance.

The judgment should be reversed, and the cause remanded for further proceedings.

RICHMOND and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment below is reversed.

*Reversed.*