[No. 5000.]
[No. 2549 C. A.]

BURRIS ET AL. v. CRAIG.

1. **Judgments—Collateral Attack—Attachment—Personal Service.**

A judgment foreclosing an attachment lien against the real estate of a nonresident defendant rendered by a court of general jurisdiction cannot be collaterally attacked on the ground that the writ of attachment was not personally served on the defendant.

2. **Same—Presumption.**

Where a court of general jurisdiction forecloses an attachment lien against the real estate of a nonresident defendant if the record is silent as to any essential step necessary to give the court jurisdiction, it will be assumed that all steps necessary to give the court jurisdiction were taken.

3. **Attachment—Sale—Joint Interest.**

Where a tract of land belonging jointly to a nonresident defendant and his wife was attached entire as the property of defendant but in the notice of sale only the interest of defendant was exposed to sale, the interest of the wife was in no way affected and her rights were in no way impaired.

*Error to the District Court of Conejos County:
Hon. John H. Voorhees, Judge.*

Mr. M. J. GALLIGAN, for plaintiffs in error.

Mr. W. E. COX, for defendant in error.

Mr. JUSTICE GODDARD delivered the opinion of the court.

In March, 1898, S. J. Burris commenced an action in the district court of Pueblo county against S. S. Craig and others, and summons was duly issued. On the 14th of June following summons was returned with the indorsement that after diligent search and inquiry Craig could not be found. In April of said year Burris filed his affidavit of attachment, alleging. as ground for attachment that the demand was upon a contract and that the defendant, S. S. Craig, was not a resident of the state. Undertaking in attachment was filed and duly approved, and on the 16th of April the writ was returned by the sheriff, the return being as follows: "I do hereby certify that I have duly executed the within writ on this 16th day of April, A. D. 1898, by attaching and levying upon the following property, to wit [describing the property set forth in the complaint];" which said writ of attachment was filed on April 25, 1898. On the 30th of June an order of publication was made and a summons was duly published. Judgment was rendered in favor of Burris and against Craig, *inter alia,* as follows: "It appearing to the court that said S. S. Craig, otherwise known as Sylvus Craig, has been duly served with summons in this action by publication, and that said Craig is wholly in default, wherefore it is ordered by the court that the default of the said S. S. Craig be and the same is hereby entered against him; and it appearing to the court that an attachment against the property of the said Craig was duly issued, and that a tract of land with improvements thereon,   *   *   *   was duly attached and levied upon, and the attachment not being traversed, upon motion by the said plaintiff, by his attorney of record, it is ordered by the court that the

attachment and levy of the property as described in the sheriff's return on the writ of attachment issued out of this court be and the same is hereby sustained. * * *

"Wherefore, it is considered, ordered, adjudged and decreed by the court that S. J. Burris, said plaintiff, do have and recover from S. S. Craig (Sylvus S. Craig) the sum of three hundred and fifteen dollars and five cents ($315.05), together with costs of suit, and that special execution issue against the property attached in this action, and that this judgment be and the same is hereby made a lien against the said property for the payment and satisfaction of this judgment."

The special execution so ordered was issued to the sheriff, and on the 21st day of November, 1899, he published a notice of sale thereunder which, after reciting the judgment and the levy upon the property described, contained the following: "Therefore, according to said command, I shall expose for sale at public auction all the right, title and interest of the above named S. S. Craig, otherwise known as Sylvus Craig, in and to the above described property, on Saturday, the 23d day of December, 1899, at 2 o'clock p. m., at the front door of the courthouse in Conejos."

At the time of the levy of the attachment the property was owned jointly by S. S. Craig and his wife, Mary Craig. On September 8, 1898, he conveyed by warranty deed all his interest to her. On December 23, 1899, she, claiming to be the owner in fee of the entire property, commenced this action to enjoin the sale. A temporary injunction was issued, and on December 4, 1900, upon a final hearing, the court rendered judgment making the temporary injunction permanent. To review this judgment Burris and Garcia prosecute this writ of error.

It will be observed from the foregoing statement that at the time of the levy of attachment Craig was the owner of an interest in the land described in the complaint, which he afterwards attempted to convey to Mary Craig, the defendant in error. It is contended by her counsel, and the court below evidently entertained the same view, that the levy of the writ of attachment sued out in the original action was insufficient to constitute any lien upon the interest of S. S. Craig in the premises for the reason that it does not affirmatively appear from the record in that case that a copy of the writ was personally served upon him, and therefore said levy was insufficient to subject any interest he may have had in the property to a sale under the judgment rendered therein.

Whether it is essential that a writ of attachment be in some way personally served upon a nonresident defendant in order to confer authority upon a court of general jurisdiction to enforce the lien of an attachment levied upon his property within the state, we express no opinion, for the reason that we do not regard that question open for determination in this case, it being a collateral attack upon a judgment rendered by a court of general jurisdiction. That this is the law is clearly settled in the case of *Van Wagenen v. Carpenter,* 27 Colo. 444. It is there said that, "When action of a court of general jurisdiction is invoked in attachment proceedings, although its power to so act is conferred by a special statute, it nevertheless, in exercising such special powers, acts judicially and is none the less a court of general jurisdiction because it proceeds according to rules and practice prescribed by the statute. The same considerations of public policy and reason exist why the record, if silent, should be aided by the same presumptions which obtain in cases of personal service," to wit, that everything necessary to be done was done.

Under the doctrine of this case, it will therefore be assumed that all steps necessary to confer jurisdiction upon the district court of Pueblo county to sustain the attachment and subject the interest of said Craig to sale in pursuance of the judgment rendered were taken, and that his deed to defendant in error conveyed his interest, subject to the lien of the attachment theretofore obtained.

It is further alleged in support of the judgment that the entire tract was levied upon and attempted to be sold, notwithstanding it is conceded that the plaintiff in error was a joint owner in the premises. While it is true that the attachment was levied upon the entire tract, in the notice of sale, as above shown, only the interest of S. S. Craig was to be exposed to sale. The interest of the defendant in error therefore could in no way have been affected by the sale, nor have her rights been in any way impaired by the levy and the writ.

Accepting the assumption of counsel that defendant in error was entitled to invoke the jurisdiction of a court of equity at all, in the circumstances of this case it is clear that the trial court erred in enjoining the sale in question. The judgment is therefore reversed, and the cause remanded with directions to dismiss the action.                    *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.