[No. 6376.]

## TROWBRIDGE v. ALLEN.

1. **Bill of Exceptions—Requisites**—Where the bill of exceptions does not purport to contain all the testimony produced at the trial, it will be presumed that the evidence was sufficient to support the judgment.—(421)

2. **Judgments—Presumptions to Support**—The judgment of a court of record is supported by a conclusive presumption that jurisdiction was had of all the parties against whom it was pronounced, unless the contrary affirmatively appears by the record.—(421)

3. ——**Void**—Where the record discloses that jurisdiction of the person of the defendants was not obtained, the judgment is void, and may be collaterally attacked by any person, whenever it is brought in question. The recitations of the record as to the service of process are not conclusive, if the entire record affirmatively shows the contrary.—(421)

4. ——**Collateral Attack—Constructive Service**—Where the service of a process was by publication, and the record and files of the cause show that the provisions of the code were not complied with, the judgment is open to collateral attack, notwithstanding a false recital that service was had.—(422)

The syllabus to the case of Hughes v. Cummings, 7 Colo. 203, is misleading.—(422)

*Appeal from Logan District Court*—Hon. H. P. BURKE, Judge.

Messrs. McCONLEY & HINKLEY, for appellant.

Messrs. ALLEN & WEBSTER, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The rights of the parties to this appeal, in the subject-matter of controversy, appear to have depended upon the validity of a decree of the district court of Logan county. The trial court held the decree invalid, and the question presented for our determination is, whether or not, by so doing, a collateral attack on the decree in question was permitted.

Appellee, as plaintiff, claiming to be the owner as assignee of a mortgage on certain real estate, brought suit against appellant, as defendant, the purpose of which was to annul a tax deed upon the mortgaged premises under which the defendant claimed title thereto. For answer, so far as necessary to consider, the defendant pleaded the decree in question rendered in an action in which he was plaintiff, and the original mortgagor, mortgagees and others were parties defendant, by virtue of which decree it was claimed the title to the premises in controversy were quieted in defendant.. By way of replication, the plaintiff answered that the decree was null and void, for the reason that the court by which it was rendered never acquired jurisdiction of the parties made defendants to the action in which it was entered. The trial court sustained this plea, and also held that the tax deed which the plaintiff sought to have canceled was null and void, and rendered judgment accordingly. From this judgment the defendant has brought the case here for review on appeal.

The only question urged upon our attention by counsel for appellant relates to the judgment of the court, holding that the decree pleaded in his answer was of no force or effect. This, they claim, is erroneous, for the reason that by such judgment a collateral attack upon the decree in question was permitted. As we understand the record, the files of the case in which the decree was rendered were admitted in evidence, and that the trial court determined therefrom that the defendants in that action, through whom plaintiff claims title to the land involved, were not personally served with process; that they did not enter an appearance, and that the substituted service attempted to be made by publication was without force or effect for the reason that

the law prescribing what steps shall be taken in order to make service by publication was not complied with.  We must assume that the files disclosed these facts, for the reason that the bill of exceptions does not purport to contain all the testimony introduced at the trial.  So that the real question to determine is, whether or not the decree could be impeached if the files in the case in which it was entered disclosed that jurisdiction of the defendants in that case was not obtained, the position of counsel for defendant being that, in as much as the decree recited in effect that the defendants named were duly served with process by publication, and that the required steps to that end were taken, it is conclusive on these questions, except in a direct proceeding to annul the judgment for want of jurisdiction.

Where the court has jurisdiction of the parties and the subject-matter in a particular case, its judgment, unless reversed or annulled in some proper proceeding, is not open to attack or impeachment by parties or privies in any collateral action or proceeding whatever.—1 Black on Judgments, § 245.  When a judgment is rendered by a district court, it will be conclusively presumed that all steps necessary to give the court jurisdiction of the parties against whom such judgment was pronounced, were taken, unless it affirmatively appears from the record that they were not.—*Burris v. Craig,* 34 Colo. 383; *Van Wagenen v. Carpenter,* 27 Colo. 444; *Farmers' Union D. Co. v. Rio Grande C. Co.,* 37 Colo. 512; *Mortgage Trust Co. v. Redd,* 38 Colo. 458; 1 Black on Judgments, §§ 270-271.

When, however, the record does disclose that the court did not have jurisdiction of the defendant, the judgment is a mere nullity, and may be collaterally attacked by any person interested wherever and whenever it is brought in question.—1 Black on Judg-

ments, § 278. In such cases the recitation in the judgment or decree itself, that jurisdiction of the defendant was obtained, is not conclusive of that fact, if the judgment roll or entire record of the case shows affirmatively to the contrary.—17 Ency. Law 1082; 1 Black on Judgments, § 273.

Whether or not what is transcribed in the bill of exceptions purporting to show steps taken in order to secure service by publication was sufficient to establish that such steps were taken, we cannot consider, for the reason, as above stated, that the bill of exceptions does not purport to contain all the testimony taken at the trial, and this leaves us but the one question to determine, namely: May it be shown by the judgment roll in a collateral proceeding, that the court did not have jurisdiction of the persons of the defendants against whom the decree was rendered?

In obtaining constructive service of process by publication, a compliance with the method pointed out by the code must be observed, and if the record being offered in evidence shows affirmatively that the code provisions relating to service by publication were not complied with, it may be attacked in a collateral proceeding, and the recital in the judgment or decree based upon such record, that service was had, or that the steps were complied with, does not change the rule.—*Isreal v. Arthur*, 7 Colo. 5. This appears to have been the view entertained by the trial court, and its judgment will, therefore, stand affirmed.

Counsel for appellant cite, and appear to rely upon, *Hughes v. Cummings*, 7 Colo. 203, the syllabus of which states: "The judgment of a court of general jurisdiction cannot be attacked except in a direct proceeding." This is somewhat misleading. The text of the opinion states: "This court has held that unless the defect complained of appears on the

face of the record itself, the judgment of such a court is exempt from attack, save in a direct proceeding." That is the doctrine which we wish to be understood as announcing in the case under consideration; and as we must assume, for reasons given, that the judgment roll of the case in which the decree was rendered upon which the appellant relies, shows affirmatively that the court did not have jurisdiction of the defendants against whom the decree was rendered, we hold it is subject to attack collaterally by showing want of jurisdiction from the records of the case itself.　　　　　　　　　　　　　　　*Affirmed.*

Chief Justice Steele and Mr. Justice Hill concur.