[No. 6725.]

GREENE V. GIBSON.

1. COUNTY COURT—*Jurisdiction—Averment as to Amount in Controversy*—Under Mills Stat. sec. 1055 (Rev. Stat. sec. 1527), to confer jurisdiction upon the county court the value or amount involved must appear by express averment; but nothing in the statute prescribes the form of this averment. Whatever is equivalent to the statutory requirement will suffice. In a bill to quiet title to lands an averment that "the value of the property involved does not exceed or equal two thousand dollars," suffices to support the jurisdiction.

2. PROCESS—*Publication of Summons—Affidavit*—In an action against several, an affidavit which shows that after the exercise of due diligence neither the residence or postoffice address of the defendants, or either of them, can be ascertained, and that they "either reside out of the state or have departed therefrom without any intention of returning, or concealed themselves to avoid the service of process," is sufficient to support a service of the summons by publication (Mills Code sec. 41, Rev. Code sec. 45).

*Appeal from Yuma District Court.*—Hon. H. P. BURKE, Judge.

Messrs. ALLEN & WEBSTER, for appellant.

Mr. JOHN F. MAIL, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, as plaintiff below, brought suit to quiet title to lands in Yuma county. The complaint was in the usual form under the code. The defendant answered, setting up title, and that he was the owner in fee simple, and in possession, of the premises in controversy. The affirmative averments of the answer were put in issue by a replication. At the conclusion of the testimony on the part of plaintiff, the defendant moved for a dismissal of the action, for the reason that the plaintiff had not proved possession. This motion was denied. Defendant then offered evidence to prove title, which was excluded. Judgment was for the plaintiff. The defendant appeals.

As the judgment must be reversed for the reason that the court erroneously excluded evidence offered on the part of defendant, it is unnecessary to pass upon the question raised by the motion to dismiss; as at another trial evidence can, in all probability, be adduced which will eliminate this question.

The defendant offered in evidence the judgment roll in an action brought in the county court of Yuma county by the party under whom he deraigned title, to quiet title to the premises involved, which was objected to, and the objection sustained, for the reason that it appeared the court did not have jurisdiction of either the subject matter of controversy, or of certain of the defendants. This ruling was erroneous. Section 1055, Mills' Stats., provides, that in order to give the county courts of this state jurisdiction in any action, suit or proceeding, the plaintiff shall state that the value of the property in controversy, or the amount involved for which relief is sought, does not exceed the sum of two thousand dollars. Under this section it has been frequently ruled, that the jurisdiction of a county court being limited by statute, it must affirmatively appear by the complaint that the case brought in such tribunal is within the jurisdiction of the court.—*Learned v. Tritch,* 6 Colo. 432; *Home v. Duff,* 5 Colo. 574.

There is nothing, however, in the section to which we have referred, that indicates an intention to require the juris-

dictional averments to be in a prescribed form. The import of the language employed is, that it must affirmatively appear from the complaint that the value of the property in controversy, or the amount involved for which relief is sought, does not exceed the sum of two thousand dollars. The requirements of the statute are satisfied by averments in the complaint, which are equivalent to an allegation that the amount in controversy or the value of the property involved does not exceed that sum.—*Hughes v. Brewer*, 7 Colo. 583. The complaint alleged "that the value of the properties involved in this action does not exceed or equal the sum of two thousand dollars." The action was one to quiet title to the premises described in the complaint. No other relief was sought. They were the sole subject of controversy. Clearly, the averment that the value of the properties involved did not exceed two thousand dollars referred to the subject matter of the action; so that, from the averments of the complaint it appeared that the court had jurisdiction of the case, in so far as value was involved, for the obvious reason that the allegation as to the value of the premises must necessarily have reference to the sole subject matter of the action.

Certain of the defendants in the action in the county court were served by publication. The affidavit upon which the order for this service was made stated that these parties "either reside out of the state of Colorado, or have departed therefrom without intention of returning, or conceal themselves to avoid the service of process; and that said defendants and each and every of them cannot, after due diligence, be found within the state of Colorado." The affiant then states facts from which it appears that he had exercised due diligence to ascertain the whereabouts and postoffice addresses of these parties; that he was unable to do so, and that their postoffice addresses were unknown to him. The objection urged to the affidavit is, that as the code (sec. 41, Mills') provides that service may be made by publication when it appears by proper affidavit that "the defendant resides out of the

state, or has departed from the state without intention of returning, or concealed himself to avoid the service of process," it is insufficient, because it must appear from the affidavit either that the defendants reside out of the state, or have departed therefrom without the intention of returning, or concealed themselves to avoid the service of process, and to state that they have done one or the other in the disjunctive does not state positively that they had done either. One of the essential facts which must appear in an affidavit for publication of summons, is, that the statutory ground for such service exists; that is, that the defendant cannot be personally served with summons within the state, for the reason which the code specifies. Where, then, as in the case at bar, it appears from the affidavit for publication that the affiant, after due diligence, is unable to learn the whereabouts, residence, or post-office address of a defendant, coupled with the further statements that he either resides out of the state, or has departed therefrom without the intention of returning, or conceals himself to avoid the service of process, it logically follows that the defendant is either a non-resident of the state, has departed from the state without the intention of returning, or conceals himself to avoid the service of process. In our opinion, the affidavit was sufficient.

The defendant offered in evidence a tax deed for the premises involved, which, from the argument of counsel, we assume was excluded for two reasons: (1) That it appeared therefrom the requisite notice of sale had not been given; and (2) that the certificate of sale upon which it was based had not been properly assigned to the grantee named in the deed. We do not deem it necessary to pass upon either of these questions. The judgment rendered in the action to quiet title, brought in the county court, established title in the defendant superior to that of the plaintiff, and as at present advised from the record, was entitled to judgment accordingly, independent of the validity of the tax deed.

The judgment of the district court is reversed, and the cause remanded for a new trial.

*Reversed and Remanded.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.