[No. 3760.]

## GIBSON V. WAGNER.

1. JUDGMENT BY DEFAULT—*Upon Substituted Service, Based Upon an Insufficient Affidavit*, disclosed by the record, is a nullity.

2. SUMMONS—*Publication—Affidavit*. No provision of the code allows the statement on information and belief of any of the matters required to be stated in an affidavit to secure the service of summons by publication. The statement as to defendant's postoffice address, or that it is not known, must be made in positive terms.

3. —— *Affidavit as to Defendant's Residence.* There were several defendants, one of them a Colorado corporation which could reside nowhere but in Colorado. The affidavit to support an application for the publication of the summons stated that all these defendants "either reside out of this state, or have departed thence, without any intention of returning, or conceal themselves so as to avoid service of process." Held that these averments, as applied to many defendants, individual and corporate, taken in connection with the failure to give the postoffice address of any defendant, or to state that the address was unknown, suggest an effort to conceal, rather than to provide, information of the suit. As to a Colorado corporation, it was noted that the affidavit could not be true; that such a corporation cannot depart the state nor conceal itself. And, it appearing that this corporation, being trustee in a deed of trust under which the defendant claimed title to the lands in litigation, it was not reasonable to suppose that if the summons had reached the corporation it would not have been communicated to the defendant.

*Appeal from Yuma District Court.* Hon. H. P. BURKE, Judge.

Mr. ISAAC PELTON for the appellant.

Messrs. MUNSON & MUNSON for the appellee.

KING, J., delivered the opinion of the court.

The judgment appealed from was rendered in an action brought by the appellant, Gibson, in the usual form under the code, to quiet title to certain lands in Yuma county. Upon trial it was admitted, by stipulation of counsel, that the plaintiff was the owner of said lands, unless his title had been extinguished by a certain decree of the county court of said county, pleaded in the answer as an adjudication of the said title in favor of defendant and against the plaintiff herein. It was also admitted that the plaintiff herein was a defendant in said cause; that the decree recited that he had been duly served with summons, but that said service, if made at all, was by publication. Plaintiff contends that the affidavit for publication of summons was defective and wholly insufficient, in that it neither gave the postoffice address of said defendant nor stated that his postoffice address was unknown to the affi-

ant, and further that the affidavit contained no sufficient statement of the non-residence of said defendant as required by law; that by reason of the insufficiency of the affidavit, the judgment relied on was void.

1. The law is well settled that, in order to give the court jurisdiction by substituted service through publication of summons, the statutory requirements must be strictly complied with, and that nothing excuses omissions or insufficient statements.—1 Black on Judgments (2nd ed.), sec. 232; *Sylph M. & M. Co. v. Williams,* 4 Colo. App., 345, 36 Pac., 80; *Beckett v. Cuenin,* 15 Colo., 281, 25 Pac., 167, 22 Am. St. Rep., 399; *Trowbridge v. Allen,* 48 Colo., 419, 110 Pac., 193; *Empire R. & C. Co. v. Coldren,* 51 Colo., 115, 117 Pac., 1005. The postoffice address of the defendant Gibson, and of a number of the other defendants, was not given. There was no direct or positive statement that the postoffice addresses of such defendants were unknown, but as to them the affidavit reads: "Affiant is informed and believes  *  *  *  that the postoffice addresses of the other of the hereinbefore named defendants are unknown to affiant." There is no provision of our code permitting an affidavit for publication of summons to be made upon information and belief as to any of the matters required to be *stated* therein. There seems to be no direct holding upon that question by the courts of this state, except that in *Sylph M. & M. Co. v. Williams,* 4 Colo., 345, 36 Pac., 80, it is said that the affidavit for publication may not be made on information and belief by the attorney in the case, and we think that rule would apply with equal force to the plaintiff; but whatever may be the rule as to some of the statements required to be made in such affidavit, concerning which, in the nature of things, plaintiff cannot have positive knowledge, it is clear that, as to the requirement that the plaintiff shall give the postoffice address of the defendant, if known, or state that his postoffice address is not known to the affiant,

such statement must be made positively, and not on information and belief. There is nothing·in the nature of things that would admit of that statement's being made upon information and belief, and to so make it is a palpable evasion of the statute, instead of a strict compliance therewith. The language used in the affidavit is not even a statement of the fact on information and belief. Such an allegation affords no foundation for an order for publication of summons, and will not support a judgment the validity of which depends upon service so made.

2. The statute makes requisite, as a condition precedent to an order for constructive service, an affidavit stating that defendant resides out of the state, or has departed from the state without intention of returning, or has· concealed himself to avoid the service of process. The affidavit in this case states that the defendants Gibson, The Colorado Security Company, The American Mortgage Trust, Limited, John S. Gibbons and Fannie Blackmore "either reside out of the state of Colorado or have departed therefrom without intention of returning, or conceal themselves to avoid the service of process." The appellant contends that the averment of all these matters in the alternative or disjunctive is not a direct statement as to any of them, and we think the contention is right. However, assuming, but not deciding, that under some conditions, as applied to an individual defendant, these several allegations may be stated together in the disjunctive or alternative form, we think the averment as here made applied to many defendants, both individual and corporate, taken together with the failure to give the postoffice addresses of any of said defendants, or to state that they were unknown, strongly suggests an effort to conceal all, rather than to furnish any, information by which notice of the suit to divest the title of defendants and vest it. in the plaintiff, would possibly reach any of the defendants. As to the Colorado Securities Company,

a domestic corporation, the omnibus affidavit cannot be true. Its place of residence is within the state, and cannot be elsewhere; it cannot depart therefrom, and, as a corporation, cannot conceal itself to avoid service of process; its articles of incorporation, on file in the office of the secretary of state, must, of necessity, state the town and county in which its principal office is located, which, for the purpose of service of summons, is the town and county of its residence, unless by statute otherwise provided, and likewise its general postoffice address; and if such fact and such address had been stated in the affidavit, a copy of the summons would have been mailed to this defendant. Inasmuch as it appears from the record that this corporation was the beneficiary in the deed of trust under foreclosure of which Gibson claimed title, it would not be unreasonable to presume that, if a copy of the summons had reached the company, notice of the proceeding might have been communicated to Gibson, its assignee. The affidavit, as a whole, is circumstantial and positive as to matters which the statute does not require to be stated, but as to matters which are material, its averments are indirect and ambiguous, or on information and belief.

3. Counsel for appellee insist that, even though the affidavit for publication of summons be insufficient, the decree cannot be held void or set aside in this proceeding, which they denominate a collateral attack. Where, as in this case, the insufficiency of the affidavit is affirmatively disclosed by the record, the judgment based upon substituted service is a nullity, and may be attacked collaterally by anyone whose rights are affected thereby.—*Trowbridge v. Allen, supra.*

The judgment will be reversed and the cause remanded, with direction to the trial court to enter judgment in favor of the plaintiff, quieting his title.

*Reversed and Remanded.*