[No. 3580.]

## MERCURE ET AL. v. GIBSON.

1. TAX TITLES—*Void Deed.* A treasurer's deed appearing to have issued on a sale to the county, and an assignment of the tax certificate made by the county clerk more than three years after its execution and delivery to the county, is void upon its face.

2. QUIETING TITLE—*Limitation.* The five years' limitation (Rev. Stat., sec. 5733) has no application to an action to quiet title.

3. —— *Payment of Taxes.* Taxes due prior to the recording of a treasurer's deed are not to be counted to support a plea of the seven years' statute (Rev. Stat., sec. 4087).

4. SUMMONS—*Publication—Affidavit.* Publication of the summons made upon affidavit of the attorney, not showing why it is not made by the plaintiff, or in which material averments are made upon information, or which fails to show that plaintiff is not informed of the residence of the defendant, is not a compliance with the statute. Judgment by default thereon is void.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellants.

Mr. ISAAC PELTON, for appellee.

BELL, J.

Appellee brought action March 10th, 1908, against appellants, under section 255, Mills' Annotated Code, to quiet the title to the N. W. ¼ Sec. 1, Twp. 2, N. R. 50 W., in Washington County, Colorado. Appellants, after denying the allegations in the complaint, set up a tax deed, issued to their grantor, Margaret D. Dickson, dated January 19th and recorded January 21st, 1901. For a third defense, they set up the five years statute of limitation; for a fourth defense a judgment of the county court of Washington County purporting to quiet the title to the premises in Stone, Stillman, Toms, trustee, and the Municipal Debenture Company; for a fifth defense, the seven

years statute of limitation, and payment of taxes thereunder for seven consecutive years, under claim and color of title made in good faith. The parties, respectively, introduced their evidence, then appellants moved for judgment on each of said defenses. Their motion was denied by the court, and a decree entered for the appellee quieting the title to the premises in him, and ordering appellee to pay to appellant Nelson $133.50, taxes, interest and penalties which he and his predecessors in interest had paid on the property. The appellee established a fee simple title in himself to the premises through a chain of title from the government of the United States. The tax deed introduced by appellants was void upon its face because, among other reasons, the assignment of the tax sale certificate by the county clerk was made more than three years after its execution and delivery to the county of Washington.—*Empire Co. v. Irwin,* 23 Colo. App., 206, 128 Pac., 867; *Munson v. Marks,* 52 Colo., 553, 124 Pac., 187. The proof of the statute of limitation was insufficient: The five years statute because it does not apply to this form of action to quiet title; and the seven years statute, because appellants relied upon the payment of taxes on said premises from 1900 to 1906, both inclusive, and it required the payment of taxes for all of said years to cover seven consecutive years from the date of the recording of the deed to the time of the commencement of the suit. The taxes for 1900 were due for some time prior to the issuance of or recording of the tax deed, and the payment thereof cannot, under any condition, be considered as one of the requisite yearly payments.—*Cristler v. Beardsley, ante,* 369, 129 Pac., 867 (No. 3795), decided January 12th, 1914; *Empire Co. v. Howell,* 22 Colo. App., 584-599, 126 Pac., 1096; *DeFord v. Smith,* 23 Colo. App., 78-80, 127 Pac., 453; *Marks v. Morris,* 54 Colo., 186, 129 Pac., 828.

The judgment of the county court purporting to quiet

the title to the premises in *Stone et al.* was void, because, among other reasons, the affidavit as a basis for the publication of the summons was made by an attorney for the plaintiffs in the action, and on information and belief on important matters, and does not show that plaintiffs in the action did not know the residence of the defendant, nor why plaintiffs did not make the affidavit.—*Sylph M. & M. Co. v. Williams,* 4 Colo. App., 345-346, 36 Pac., 80; *Everett v. Ins. Co.,* 4 Colo. App., 509-512, 36 Pac., 616; *Davis v. J. L. M. Co.,* 2 Colo. App., 381-388, 31 Pac., 187.

Appellants showed no title to the premises, and raised many questions which did not tend to prove their title, many of which have been decided adversely to their contentions by this or the supreme court, and it would serve no good purpose if we should reconsider them.

We find no reversible error in the record, hence the judgment is affirmed, to take effect, however, upon the payment to appellant Nelson, or his legal representatives, the amount of taxes and interest found due him by the trial court, and appellee to recover his costs expended herein.

*Affirmed.*