## No. 9201.

### HANSHUE *v.* MARVIN INVESTMENT COMPANY.

JUDGMENT—*Presumptions.* Where a judgment is the subject of collateral attack the jurisdiction of the court is conclusively presumed unless the record affirmatively shows the contrary.

An affidavit for the publication of the summons in a bill to quiet title stated that certain defendants named, "either reside out of the state or have departed therefrom, or concealed themselves to avoid process, and that their postoffice address is unknown to affiant." Held, a compliance with the statute. Green v. Gibson, 53 Colo. 346 followed.

The court agree with the law announced in Gibson vs. Wagner, 25 Colo. App., but disagrees with its statment of facts, and, for this reason, rejects it as an authority, if the affidavits are identical.

*Error to Yuma District Court, Hon. H. P. Burke, Judge.*

Mr. M. M. BULKELEY, Messrs. STINER & BOSLOUGH, Messrs. ALLEN & WEBSTER, for plaintiffs in error.

Mr. JOHN F. MAIL, for defendant in error.

Garrigues, C. J.

THE parties will be designated, as in the lower court, plaintiff and defendants. The title emanating from the United States to the SW¼, 11-3-48, Yuma County, Colorado, vests by certain mesne conveyances in the plaintiff, the Marvin Investment Company, defendant in error, unless divested by the title of Mary E. Hanshue, defendant below and plaintiff in error. Hanshue deraigns title from a tax deed to Muntzing and Murray, and a subsequent action by them in the County Court to quiet title. In December, 1901, Muntzing and Murray obtained the tax deed to the land, and October 17, 1904, commenced action in the County Court of Yuma county to quiet title against the following defendants: Pearl Hurst, W. E. Hurst, Lawrence B. Wharton, Perkiomen Valley Building & Loan Association, L. E. Beach, Ernest L. Diffendefer, George E. Ber-

mont, *Ira J. Kirkpatrick,* Susie D. Gage, H. P. Law, Oswald Oliver, Flora L. Aldrich, Sylvanus Aldrich, Asa Reed, M. Estes, Elbert A. Higgins, Sarah M. Hayden, Wallace N. Herbert, Eliza Tibbetts and Thomas H. Unger.

Summons was duly issued to all the defendants, and return made thereon that none of them, except Estes, could be found. Thereupon August Muntzing filed his affidavit for publication based upon the following code provision:

"Service by publication shall be allowed only after summons issued and return thereon made, that the defendant, after diligent search, cannot be found. After such return, not less than ten days after issue of summons, publication shall be made by order of the clerk of the proper court, but shall be made only in cases of attachment, foreclosure, claims and delivery, or other proceedings where specific property is to be affected, or the procedure is such as is known as a proceeding in rem. After return is made, as aforesaid the case being such as hereinbefore mentioned the plaintiff or one of the plaintiffs may file in the office of the proper clerk an affidavit stating that the defendant resides out of the state, or has departed from the state without intention of returning, or concealed himself to avoid the service of process and giving his postoffice address, if known, *or stating his postoffice address is not known to affiant,* whereupon the order of publication shall be made by the clerk."

The affidavit, omitting the caption, is in words and figures as follows:

"August Muntzing being first duly sworn, on his oath says: that he is one of the plaintiffs in the above entitled action, and that the plaintiff George Murray is a non-resident of the State of Colorado; that summons has been issued to the sheriff of Yuma county in the said action and his return thereon made not less than ten days after the issue of said summons that the defendants—except the said M. Estes—and each and every one of them after diligent search, cannot be found; that the complaint in said action

was filed with the Clerk of said Court on the 18th day of October, A. D. 1904; that said action is brought to remove all clouds from, and quiet in the plaintiffs, the titles to certain lands and premises situated in said county of Yuma, in the State of Colorado; that the said defendants, Lawrence B. Wharton, L. E. Beach, Ernest L. Diffendefer, Susie D. Gage, H. P. Law, Oswald Oliver, Flora L. Aldrich, Sylvanus Aldrich, Asa Reed and Sarah M. Hayden, reside out of the State of Colorado, and the said defendants, Perkiomen Valley Building and Loan Association, George E. Bermont, *Ira J. Kirkpatrick*, Elbert A. Higgins, Wallace N. Herbert, Eliza Tibbetts, Pearl Hurst and W. E. Hurst and Thomas H. Unger, either reside out of the State of Colorado or have departed therefrom without intention of returning, or conceal themselves to avoid the service of process, and that said defendants and each and every of them, cannot after due diligence, be found within the State of Colorado, and this affiant in support thereof states the following facts and circumstances: That affiant has made frequent and diligent search, and inquiry of F. H. Hammond, Matt Dickson, Franz Kissling and many other resident settlers residing nearest the lands involved in this action and also inquired for their whereabouts and postoffice addresses of J. M. Abbott, one of the oldest inhabitants of said Yuma County, of W. H. Conover, Postmaster of Yuma, Colorado, the postoffice nearest said lands, and of J. B. Campbell, treasurer, and W. D. McGinnis, county clerk of Yuma county, Colorado, and none of them know or would or could inform affiant of their present whereabouts or postoffice addresses and affiant has made and caused to be made diligent inquiry and search for officers and agents of said Perkiomen Valley Building & Loan Association upon whom process against said Association could lawfully be served, and none can be found upon whom to make such service herein and affiant has examined the files and records of said Yuma county and finds no affidavit of co-partnership or association of or for said deft association filed or re-

corded therein and personal service of the summons herein
on said association cannot be made as affiant verily believes,
and affiant is informed and believes that the several de-
fendants hereinbefore named and each and every of them
are not within this state, and that the postoffice addresses
of the following named defendants are as follows: of Os-
wald Oliver, Flora L. Aldrich, Sylvanus Aldrich, Asa Reed
and Sarah M. Hayden and of each of them is Hastings,
Nebraska, *and that the postoffice addresses of the other of
the hereinbefore named defendants are unknown to affiant.*
That affiant has made diligent inquiry to find said defend-
ants, but cannot, after due diligence find them or any of
them (except the said M. Estes,) first-above named and ex-
cepted, within this state.

That the affiant therefore says that personal service of
said summons cannot be made on said defendants or any
of them, and prays for an order that service of the same
may be made on them by publication thereof."

Thereupon an order was duly entered for publication of
summons.  January 30, 1905, praecipe was filed for default
and judgment.  February 1st, judgment and decree was
entered against all the defendants quieting the title in Munt-
zing and Murray.  This judgment recites that the court
has jurisdiction of all the defendants, and orders and de-
crees that Muntzing and Murray are the owners and that
none of defendants have any right, title or interest in the
land.  This includes *Ira J. Kirkpatrick,* plaintiff's immedi-
ate grantor. Muntzing and Murray then conveyed the land
to Carmon A. Hanshue, and he conveyed it to Mary E.
Kennedy, now Mary E. Hanshue.

Plaintiff began the present action September 10, 1915,
in the District Court to quiet title to the land in it, which
was unoccupied.  Carmon A. and Mary E. Hanshue an-
swered separately.  Her first defense is a general denial.
The second alleges the tax deed to Muntzing and Murray
as color of title and payment of taxes in good faith for
seven successive years.  Her third defense alleges title

in her under and by virtue of the decree in the action quieting title against plaintiff's grantors, and payment under the decree of taxes for seven successive years as color of title and in good faith. His answer alleges title in her. It was stipulated on the trial that the title emanating from the United States is in the Marvin Investment Company unless otherwise divested by the title of Hanshue, and that whatever title vested in Muntzing and Murray vested at the beginning of this action in Hanshue. Hanshue then offered in evidence the judgment roll in the County Court action to quiet title for the purpose of showing that the title claimed by plaintiff had been divested. This was objected to upon the ground the judgment roll affirmatively showed upon its face that the court was without jurisdiction to enter the decree because it was based upon a void affidavit for publication of summons; the claim being that the affidavit was stated in the alternative or disjunctive and did not state that the postoffice address of *Ira J. Kirkpatrick* was unknown to affiant. The objection was sustained and the court found plaintiff was the owner of the land in fee simple and that defendants had no right, title or interest therein, and by decree entered December 8, 1916, quieted the title in plaintiff and defendants bring the case here on error.

Garrigues, C. J., after stating the case as above, delivered the opinion of the court:

Unless the decree quieting title in Muntzing and Murray is void, it establishes title in Hanshue, independent of the validity of the tax deed. The point is whether the County Court had jurisdiction to enter the particular decree as against *Kirkpatrick,* plaintiff's immediate grantor. In this collateral attack, unless the judgment roll affirmatively shows that the County Court acted without jurisdiction, its jurisdiction to enter the decree will be conclusively presumed.

*Van Wagenen v. Carpenter,* 27 Colo. 444, 61 Pac. 698; *Burris v. Craig,* 34 Colo. 383, 82 Pac. 944; *Farmers U. D.*

*Co. v. Rio Grande C. Co.,* 37 Colo. 512, 86 Pac. 1042; *Mortgage Trust Co. v. Redd,* 38 Colo. 458, 88 Pac. 473, 8 L. R. A. (N. S.) 215, 120 Am. St. 132; *Trowbridge v. Allen,* 48 Colo. 419, 110 Pac. 193; *Empire Ranch & Cattle Co. v. Coldren,* 51 Colo. 115, 117 Pac. 1005; *Kavanagh v. Hamilton,* 53 Colo. 157, 125 Pac. 512; *Pinnacle G. M. Co. v. Popst,* 54 Colo. 451, 131 Pac. 413.

Plaintiff contended on the trial, and contends on review, that the affidavit shows affirmatively upon its face a noncompliance with the statute, and objected to the judgment roll upon this ground, and the lower court sustained the objection.

The code provides, after return is made that the defendant cannot be found, plaintiff may file "An Affidavit stating that the defendant resides out of the state, or has departed from the state without intention of returning, or concealed himself to avoid the service of process and giving his postoffice address, if known, *or stating his postoffice address is not known to affiant."*

There were twenty defendants. One was personally served, and nineteen were attempted to be served by publication of summons. The affidavit names ten, which it specifically states reside out of the state of Colorado, and the postoffice address of five of these is given, and names nine others (including Kirkpatrick), which it specifically states either reside out of the state or have departed therefrom, or conceal themselves to avoid process, and that none of the above named nineteen defendants can be found within the state, and states that affiant is informed and believes that none of them are within this state, and that the postoffice address of the following: Oswald Oliver, Flora L. Aldrich, Sylvanus Aldrich, Asa Reed and Sarah M. Hayden, is Hastings, Nebraska, *"and that the postoffice addresses of the others of the hereinbefore named defendants are unknown to affiant."*

The first contention is that the averment in the alternative or disjunctive that defendants reside out of the state

·or have departed from the state, or conceal themselves, is not a statement of a prerequisite required by the code. This identical question was before us in *Greene v. Gibson,* 53 Colo. 346, 348, 123 Pac. 239, where we said:

"Certain of the defendants in the action in the County Court were served by publication. The affidavit upon which the order for this service was made stated that these parties 'either reside out of the state of Colorado, or have departed therefrom without intention of returning, or conceal themselves to avoid the service of process, and that said defendants and each and every of them can not, after due diligence, be found within the state of Colorado.' The affiant then states facts from which it appears that he had exercised due diligence to ascertain the whereabouts and postoffice addresses of these parties; that he was unable to do so, and that their postoffice addresses were unknown to him. The objection urged to the affidavit is, that as the code (sec. 41, Mills') provides that service may be made by publication when it appears by proper affidavit that 'the defendant resides out of the state, or has departed from the state without intention of returning, or concealed himself to avoid the service of process,' it is insufficient, because it must appear from the affidavit either that the defendants reside out of the state, or have departed therefrom without the intention of returning, or concealed themselves to avoid the service of process, and to state that they have done one or the other in the disjunctive does not state positively that they had done either. One of the essential facts which must appear in an affidavit or publication of summons is that the statutory ground for such service exists; that is, that the defendant can not be personally served with summons within the state, for the reason which the code specifies. Where, then, as in the case at bar, it appears from the affidavit for publication that the affiant, after due diligence, is unable to learn the whereabouts, residence, or postoffice address of a defendant, coupled with the further statements that he either resides out of the state, or has departed there-

from without the intention of returning, or conceals himself to avoid the service of process, it logically follows that the defendant is either a non-resident of the state, has departed from the state without the intention of returning, or conceals himself to avoid the service of process. In our opinion, the affidavit was sufficient."

It must appear that those served by publication could not be personally served within the state. The affidavit states positively that none of the nineteen defendants, after diligent search, can be found within the state, and that affiant is informed and believes that none of them are within the state. It names ten, which it states positively reside out of the state, and nine, which it says either reside out of the state or have departed therefrom, or secrete themselves. It then states that the postoffice address of five of the ten is Hastings, Nebraska, and that the postoffice address of the other fourteen are unknown to affiant. We think it sufficiently appears from the affidavit that the nine defendants named therein were either non-residents or had departed from the state without any intention of returning, or had concealed themselves to avoid service of process, and that personal service could not be made upon them within the state of Colorado, and that this showing was a sufficient compliance with the requirements of the code to authorize the publication of summons.

It is claimed that the Court of Appeals, in *Gibson v. Wagner,* 25 Colo. App. 129, 136 Pac. 93, held otherwise. That case was reversed upon another ground which we are about to consider, and it is hard to tell from the opinion whether the court intended to hold the publication of summons void on account of the point we are now discussing. If it did, we do not agree with the opinion. It is our judgment that the opinion of this court in the case of *Greene v. Gibson, supra,* should be followed.

The specific point upon which the present case turns is whether the affidavit states that the postoffice address of *Ira J. Kirkpatrick* is not known to affiant. The affidavit

is void unless it meets this requirement, and the court had no jurisdiction to enter the decree. Barring the lands and defendants, the affidavit in the present case and in *Greene v. Gibson, supra,* and in *Gibson v. Wagner,* 25 Colo. App. 129, is said to be identical. Defendant in error urges we should affirm the case upon the doctrine announced by the Court of Appeals in the Gibson-Wagner case. This announces no new rule of law. It holds that plaintiff must give the postoffice address of the defendant, if known, or state that it is not known to affiant. This is the code requirement and we agree with the law as announced by the Court of Appeals on this point. If the affidavit is the same as in the present case, then it is with the statement of the case and not the law that we do not agree. If the affidavits are identical, we think the Court of Appeals' opinion misstates the affidavit. The opinion states there is no averment in that affidavit that the postoffice address of the defendant is not known to affiant. If that is true, the decision is right, but if it mis-states the facts, the law announced by the opinion is right, but the case was incorrectly decided. The opinion in that case states that it is based upon an affidavit which reads as follows: "Affiant is informed and believes  *  *  *  that the postoffice addresses of the other of the hereinbefore named defendants are unknown to affiant." The affidavit in the present case states that the postoffice address of five of the defendants, naming them, is Hastings, Nebraska, *and that the postoffice addresses of the other of the hereinbefore named defendants are unknown to affiant. Ira J. Kirkpatrick* is one of the hereinbefore named defendants, so it states that his postoffice address is unknown to affiant. The effect produced by the use of three stars in the Gibson-Wagner case, as will be seen by examining and comparing the language quoted there on page 131 with the affidavit here, is to cause a misstatement of the facts, if the affidavits are the same. The affidavit in the present case is in one sentence, of which "says" is the predicate. The affiant says, among other

things, that he is one of the plaintiffs, and (says) "affiant is informed and believes that the several defendants hereinbefore named and each and every of them are not within this state, and (says) that the postoffice address of the following named defendants are as follows:   Of Oswald Oliver, Flora L. Aldrich, Sylvanus Aldrich, Asa Reed and Sarah M. Hayden and of each of them is Hastings, Nebraska, and (says) that the postoffice addresses of the other of the hereinbefore named defendants are unknown to affiant."

To place upon this affidavit the construction placed upon it in the Gibson-Wagner case, that "affiant is informed and believes * * * that the postoffice addresses of the other of the hereinbefore named defendants are unknown to affiant," would be a perversion of the plain meaning of the language, change the whole effect of the affidavit, and make it seem ridiculous.   It would make the affiant say that he was informed and believed that the postoffice address of the defendant was unknown to him, which would be as silly as saying that he was informed and believed that he was the plaintiff in the case.

Judgment reversed and cause remanded.

Mr. Justice Bailey and Mr. Justice Allen concur.

*Note*—Wherever italics occur in the statement of the case or opinion, they have been used by us for the purpose of calling attention to the particular matter in controversy.

Decided June 2nd, A. D. 1919.   Rehearing denied October 6, A. D. 1919.