No. 9007.

JOTTER *v.* MARVIN.

1. SUMMONS—*Service by Publication.* Every material requirement of the statute must be strictly complied with. The affidavit founding the publication may be upon information and belief. *Gibson v. Wagner,* 25 Colo. App. 129, and *Mercure v. Gibson,* 25 Col. App. 391, rejected, as no longer authority. An affidavit stating that "The defendant resides out of this state, that affiant is informed and believes, and so alleges, that the postoffice address of defendant is at," etc. *Held* sufficient.

*Error to Yuma District Court, Hon. H. P. Burke, Judge.*

Mr. M. M. BULKELEY, Messrs. VANCE & MCTAGGART, Messrs. ALLEN & WEBSTER, Mr. LOUIS H. DRATH, for plaintiff in error.

Mr. JOHN F. MAIL, for defendant in error.

Mr. Justice White delivered the opinion of the court.

THE judgment in this case is based upon service of summons by publication. It is claimed by Jotter, defendant below, that the judgment is void because the affidavit upon which the order of publication is based is insufficient. He presented the question to the trial court by motion some two years after the entry of judgment. The motion was denied and he brings the matter here for review. The sole objection to the affidavit is that the affiant therein did not state the post office address of defendant positively.

Section 45 of the Code, R. S. 1908, empowers the clerk of the court to order the publication of summons in certain designated cases. This he may not do, however, until a summons has been issued and return thereon made not less than ten days after it was issued, that the defendant, after diligent search, cannot be found, and there has also been filed with him an affidavit of the plaintiff in the case, or, if he is absent from the state, an affidavit of his attorney in the action "stating that the defendant resides out of the state or has departed from the state without intention of returning, or concealed himself to avoid the service of process, and giving his post office address, if known, or stating his post office address is not known to affiant, *. * *."

The affidavit in question states, *inter alia,* that: "said defendant resides out of this state; that affiant is informed and believes, and so alleges, that the post-office address of said defendant is Marka, Kansas."

Constructive service by publication is a right given by statute; and in this jurisdiction the rule is that every material requirement in relation thereto must be strictly complied with to give the court jurisdiction in the premises. *O'Rear v. Lazarus,* 8 Colo. 608, 9 Pac. 621; *Beckett v. Cuenin,* 15 Colo. 281, 25 Pac. 167, 22 Am. St. 392; *Trowbridge v. Allen,* 48 Colo. 419, 110 Pac. 193; *Empire R. & C. Co. v. Coldren,* 51 Colo. 115, 117 Pac. 1005.

Testing the affidavit by the requirements of the code and the rule of law prescribed, we think the objection thereto is extremely technical and has no substantial basis. Jotter concedes that the affidavit states the fact that defendant resides out of the state positively, but asserts that the statement as to the post-office address of defendant is indefinite and lacking in positive assertion. Examination of our decisions, in which it is said that it has been held that affidavits were insufficient when made upon information and belief only, discloses that in such cases the affiant made no positive statement of facts, but merely that he believed, or was informed and believed so and so. *Empire Ranch & Cattle Co. v. Coldren, supra,* is an example. The opinion therein does

not disclose the language of the affidavit. It declares, how-
ever, that it is "barren of any direct statement of non-resi-
dence, and is silent on the question of the departure of the
defendant from the state without intention of returning, or
of his concealment to avoid service of process, and the mat-
ter of postoffice address is not mentioned." Examining the
record in that case, we find the following to be the exact
language of affiant upon such matters, viz.: "* * * is
informed and believes that defendant is not, and does not
reside in this state, that his present place of residence is to
affiant wholly unknown." It is clear that affiant, in the
affidavit there under consideration, failed to speak positively
in relation to the matters in question. He simply says that
he is informed and believes, but fails to testify to what he
believes. Notwithstanding his information and belief, he
was not so completely satisfied of the facts as to testify to
them directly. As stated in *Leigh v. Green,* 64 Neb. 533,
90 N. W. 255, 101 Am. St. 592, 595: "The true criterion
would seem to lie in the willingness of the witness to make
a positive statement. If his information and knowledge
are such that he will make a positive statement of the fact
in question upon oath, his evidence is to be received, though
the weight to be given it might be small by reason of the
nature and extent of the information and knowledge from
which he testifies. On the other hand, if he has a belief
or opinion, but is not so completely satisfied of the fact
that he will testify to it directly, but merely states his
belief, then the bare statement of what he believes, but
will not state positively upon his oath, is not to be received,
unless the case is one where an affidavit as to his belief
only is required."

In the affidavit in the instant case there is the direct
and positive allegation that defendant's post-office address
is Marka, Kansas. The preceding statement that affiant is
"informed and believes" does not detract therefrom. He
not only believes it, he testifies to it positively. This is
much more than a mere statement of his belief. Indeed,
it would seem proper to ascribe to the word "so", as used

in this affidavit, the meaning, "hence; therefore; for that reason". The validity of the affidavit, however, is not dependent thereon. For, if the word is used with reflex reference to the assertion that affiant is "informed and believes", we, nevertheless, think it sufficient. Where a showing by affidavit is required as to facts which are necessarily matters of information and belief, an affidavit on information and belief should suffice if the ultimate facts are therein stated positively. The section of the code here involved should receive a construction in accordance with common sense. As said in *Leigh v. Green, supra*: "It was not intended to require perjury, and, as it requires affidavit to matters involving legal opinion and conclusions of law and fact, it must contemplate that such affidavit will be made upon the only basis on which such opinions and conclusions can be reached." Where a person is to make affidavit to the conclusion, he must in fact state the belief to which the information in his possession gives rise, whether he expressly says so or not; otherwise the required affidavit could never be made. Each person of his own knowledge knows his own post-office address, but clearly he can not know the post-office address of any other, except through information. He may write to and receive mail from a person, or see the postman delivering mail to one at a particular place, or hear such person or another declare what his post-office address is, or learn the fact in some other way. In any event, his knowledge of the fact is necessarily upon information and belief. The chief test of the sufficiency of an affidavit required by law is whether it is so clear and certain that an indictment for perjury may be sustained on it if false. Affiant's knowledge of matters stated in his affidavit must of necessity frequently rest upon information derived from others, and where this is so it is generally sufficient to aver upon information and belief that such matters are true. In such cases belief is to be considered an absolute term, and perjury may be assigned on such affidavit, if false. Sec. 87, 2 Corpus Juris, 355, 356.

We are not unaware of the statement in *Gibson v. Wagner*, 25 Colo. App. 129, 131, 106 Pac. 93, that the code does not permit an affidavit for publication of summons to be made upon information and belief, and the assertion therein that there is nothing in the nature of things that would admit of the statement being made, upon information and belief, as to the post-office address of defendant, or the fact that it is not known to the affiant. Such statements of that court are not warranted. They are based upon the erroneous assumption that *Sylph M. & M. Co. v. Williams*, 4 Colo. App. 345 (cited therein as 4 Colo. 345), established the rule that an affidavit for publication may not be made on information and belief. That case was dealing with an affidavit made by the attorney in the case upon information and belief, but the sufficiency of an affidavit upon information and belief was neither considered nor determined. The case arose under the code before the proviso now appearing in section 45, empowering the attorney in the case to make the affidavit, became a part thereof. The affidavit was held invalid because the affiant was not empowered to make it. As therein stated: "Without some showing at least of right, authority and capacity, an attorney can not make an affidavit which will be sufficient to uphold an order for the substituted service." The reason of the rule is that the simple relation of attorney and client did not authorize him to act in the premises. The declaration found in *Mercure v. Gibson*, 25 Colo. App. 391, 393, that an affidavit for publication of summons made on information and belief on important matters is insufficient, has no better support than *Gibson v. Wagner, supra*. In addition to *Sylph M. & M. Co. v. Williams, supra*, it relies upon *Everett v. Conn. Mutual Life Ins. Co.*, 4 Colo. App. 509, 512, 36 Pac. 616, and *Davis v. J. M. L. Co.*, 2 Colo. App. 381, 388, 31 Pac. 187. The affidavit involved in each of those cases was by the attorney of the plaintiff, and such cases arose prior to the adoption of the code provision authorizing an attorney in an action to act in the premises; and the question of the sufficiency of affidavits on informa-

tion and belief was neither discussed nor involved therein. It does not follow that the decision in either the Gibson-Wagner case or the Mercure-Gibson case was wrong. On the contrary, it appears that they were correctly determined upon other grounds, which are sound in principle.

The former opinion announced herein is withdrawn, and the judgment of the trial court affirmed.

Decision *en banc*.

On rehearing. Mr. Justice Bailey, Mr. Justice Allen and Chief Justice Garrigues dissenting.

Mr. Justice Burke not participating.

Garrigues, C. J., dissenting.

In 1913 Charles B. Marvin filed a complaint in the District Court of Yuma County against George W. Jotter to quiet title to a quarter section of land. Summons was returned by the sheriff not served. Thereupon an affidavit as basis for the publication of summons was filed, which is as follows:

"John F. Mail, being duly sworn upon oath, deposes and says: that he is the attorney of the plaintiff in the above entitled action; that the said plaintiff is absent from this state; that summons has been issued in the said action and return thereon duly made not less than 10 days after the issue of said summons, that the defendant, after diligent search, cannot be found; that said defendant resides out of this state; that affiant is informed and believes, and so alleges, that the postoffice address of said defendant is Marka, Kansas, and affiant therefore, prays for an order that service of the said summons in said action may be made by publication, as provided by law."

April 21, 1914, the court entered a final decree quieting title in Marvin. March 7, 1916, Jotter filed a motion in the same case to vacate the decree for the alleged reason there was no personal service of summons; that the attempted service by publication was void because the affidavit neither shows defendant's postoffice address, nor states that it was unknown to affiant, and is made upon information and belief.

The court overruled the motion, and Jotter brings the case here on error.

It is the established rule in this jurisdiction that every material requirement in relation to service by publication of summons must be complied with to give the court jurisdiction.

*O'Rear v. Lazarus,* 8 Colo. 608, 9 Pac. 62; *Beckett v. Cuenin,* 15 Colo. 281, 25 Pac. 167, 22 Am. St. 399; *Trowbridge v. Allen,* 48 Colo. 419, 110 Pac. 193; *Empire R. & C. Co. v. Coldren,* 51 Colo. 115, 117 Pac. 1005; *Hanshue v. Marvin Inv. Co.,* 67 Colo. 189, 184 Pac. 289.

This is a direct attack by motion in the same case two years afterward upon the decree of the District Court and if the affidavit is insufficient the judgment is void. The case turns upon the following language in the affidavit: "That defendant after diligent search cannot be found; that defendant resides out of the state; that affiant is informed and believes, and so alleges, that the postoffice address of defendant is Marka, Kansas." The point under consideration is whether an affidavit for publication of summons may, under section 41 of Mills Annotated Code, be made upon information and belief. The code requires that the affidavit *must* state defendant's postoffice address, if known, or that it is not known to affiant. To secure the advantage of this code provision plaintiff must comply with its requirements. One of the requirements is that he *must* give defendant's postoffice address, if known to him, or state that it is not known. Affiant does not state that it is not known to him, therefore he must give it. The statute makes no provision that it may be given upon information and belief. He must either give it without qualifications or he must say that it is unknown to him. The requirement is mandatory that he must state defendant's postoffice address if he knows it, or if he does not know it, that it is unknown to him. An allegation upon information and belief does not meet this requirement and leaves a loophole upon which one can easily escape a prosecution for perjury. The statute was intended to avoid this

opportunity for fraud. It must be so positive and certain that one can be prosecuted for perjury with a reasonable show of conviction in case he knowingly and intentionally makes a false affidavit. It would be difficult to convict one for perjury for making such an affidavit as this. An allegation upon information and belief is not the same thing or the equivalent of the statement required by the code, and will encourage fraudulent affidavits. It is claimed the affidavit here is better than the one required by the code. Maybe so, but it is not what the statute requires. It is like the merchant trying to sell you something just as good or better when he does not happen to have what you want. The code requires the affidavit to come up to a certain standard, and it is not a question of furnishing "something just as good or better," it is a question of complying with the mandatory requirements of the statute before securing its advantages. It must be remembered there is no statement in this affidavit that the post-office address is unknown to affiant. Had the affidavit stated that it was unknown to affiant, but that he was informed and believed that it was Marka, Kansas, I think the affidavit would have been good.

I am authorized to state that Mr. Justice Bailey and Mr. Justice Allen concur in the dissenting opinion.